JOHN GOODROW v. EDWARD BUCKLEY AND WILLIAM DOUGLAS.

*Log lien—Conversion by log-owner—Action by claimant—Service of process—Conclusiveness of officer's return.*

1. The owners of logs *legally* attached under the log-lien law, who, without giving a bond for their release, take them and convert them into lumber, are liable to the plaintiff in an action on the case or in trover for the value of his lien.

2. Defendants in an attachment suit who are personally served, and fail to appear or claim a defective service of the writ, and who take no appeal from the proceedings, are concluded by the return of the officer showing proper service.

Error to Manistee.   (Judkins, J.)   Submitted on briefs May 3, 1888.   Decided June 8, 1888.

Case.   Defendants bring error.   Affirmed.   The facts are stated in the opinion.

*Ramsdell & Benedict,* for appellants, contended:

1. Plaintiff could not bring trover.   His rights were limited to the method pointed out by How. Stat. § 8423.   The officer, if unable to collect the judgment of the principal debtor, could, after demand, bring an action against the log-owners, if they had converted the logs to their own use; citing *Brownwell v. Manchester,* 1 Pick. 232; *Clark v. Skinner,* 20 Johns. 465; *Lockwood v. Bull,* 1 Cow. 322; *Polite v. Jefferson,* 5 Har. (Del.), 388; *Dezell v. Odell,*
70 MICH—33.

3 Hill, 215; *Lathrop v. Blake*, 3 Foster (N. H.), 56; *O'Connor v. Transportation Co.*, 31 Ill. 230; *Broadwell v. Paradice*, 81 Id. 474.

*Smurthwaite & Glassmire*, for plaintiff, contended as stated in the opinion.

SHERWOOD, C. J. The plaintiff in this suit claimed to have a lien under Act No. 145, Laws of 1881 (How. Stat. § 8412), for labor upon certain saw-logs described in the declaration, and filed his statement of lien with the county clerk of Manistee county April 12, 1887. The last day's work claimed is alleged to have been performed by him upon the logs April 6, 1887.

On April 18, 1887, the plaintiff commenced suit under said act by writ of attachment of that date, before a justice of the peace, against the defendant, Robert Rogers. Personal service of the writ was obtained upon the defendant, and upon those in this suit, as owners of the logs attached by the officer. On the return-day of the writ, Rogers appeared, but the defendants in this suit did not appear, and on the day following a judgment was rendered against Rogers in favor of the plaintiff for $97 and costs taxed at the sum of $27.15. Execution was issued upon this judgment, and placed in the hands of the officer who served the writ of attachment, on May 5, 1887. On July 5, 1887, the execution was returned unsatisfied, for the reason that the defendants in this suit had, after the levy of the attachment and personal service upon them, removed the logs attached, and placed them beyond the reach of the officer, and refused to deliver them to the officer on demand or to satisfy the execution.

On July 13 thereafter plaintiff commenced this suit to recover the value of his lien against the logs of the defendants. The first count in the plaintiff's declaration is in trover. The second count is in case for the unauthorized interference with the plaintiff's property which he had

secured a lien upon under his attachment levy, and his property rights in the logs by virtue of such lien. The plea was the general issue. The cause was tried in the Manistee circuit without a jury, and the circuit judge gave judgment for the plaintiff for the sum of $139.85, being about the amount of the judgment rendered by the justice, with interest and costs added.

The defendants bring error.

At the commencement of the trial counsel for plaintiff made a statement of his case and the facts relied upon for recovery substantially as they are given in the second count of the declaration; and when he began making his proof of them, defendants' counsel objected to receiving any evidence under the declaration, on the ground that the facts set forth in the second count would not sustain an action in favor of the plaintiff and against the defendants; that—

"The action, if any is maintainable, should have been brought by the sheriff or officer wno, it is stated, levied an attachment on the logs."

The circuit judge, however, received the testimony, and, we think, correctly. The defendants claimed to be the owners of the logs. They were, however, subject to the plaintiff's lien. They gave no bond to obtain their release, but went on, and took them and converted them into lumber, with a full knowledge of all the facts necessary to charge them with the claim of plaintiff and the interest he had therein by virtue of his levy and his lien. He had a right to have that interest preserved until his execution was satisfied. It was not the attachment of the property that created the plaintiff's interest in the logs taken upon the attachment. This he acquired under the lien he obtained previous to taking out the writ, and the attachment was only the mode of nforcing the lien provided by the statute.

Those proceedings all seem to have been regular. The principal attack made upon them was to show that the logs were

not levied upon by virtue of the attachment; that the officer did not make a proper levy of the writ. The defendants were made parties in the attachment proceedings before the justice. They do not seem, though personally served with process under the statute, to have appeared in the case, or to have made any claim of defective service of the writ, and took no appeal from that proceeding. The officer makes full return of proper service, and the defendants must be held concluded by that return so far as it was a proper return in the case. *Green v. Kindy,* 43 Mich. 279 (5 N. W. Rep. 297); *Michels v. Stork,* 52 Id. 260 (17 N. W. Rep. 833); *Rowell v. Klein,* 44 Ind. 290; *Smith v. Noe,* 30 Id. 117; *Bean v. Parker,* 17 Mass. 591; *Russell v. Gray,* 11 Barb. 541; *Baker v. M'Duffie,* 23 Wend. 289; *Miller v. Moses,* 56 Me. 128; *Bond v. Wilson,* 8 Kan. 228; *Johnson v. Jones,* 2 Neb. 126.

If the plaintiff had any interest in the logs by virtue of his lien, and we think he did, it certainly was not second or subject to that of the defendants, and the defendants, so long as the plaintiff was entitled to the possession of the property under such lien, could be prosecuted in trover therefor. *Webb v. Mann,* 3 Mich. 139; *Bray v. Bray,* 30 Id. 479; *Grove v. Wise,* 39 Id. 161; *Worthington v. Hanna,* 23 Id. 530; *Harvey v. McAdams,* 32 Id. 472; *Cadwell v. Pray,* 41 Id. 308.

And neither the defendants nor any other person could destroy such property, or so manage and dispose of the same as to destroy the plaintiff's lien thereon, with knowledge of the same, without becoming liable to the plaintiff to the extent of such lien, in an action on the case. And we see no objection to a recovery by the plaintiff if he could prove his case under either count of his declaration. There is no doubt but that the officer holding his writ could have sued the defendants, and recovered to the extent of his lien, under the facts stated, but the plaintiff was not thereby precluded from bringing suit until the officer's right had

ceased.   The entire litigation was under the control of the plaintiff, and the officer could bring suit only for the benefit of the plaintiff.   The plaintiff was the only party who was interested in the claim, and in bringing the suit, and in such case he may always bring the action in his own name.

It only remains to ascertain whether there was testimony tending to establish the plaintiff's declaration.   If there was, we cannot disturb the judgment.   We think, upon an examination of the record, there was testimony in the case tending to establish all the necessary facts supporting the judgment.

Upon the facts the court's conclusion is final, and the judgment is no more than was warranted under the facts appearing, and must be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred.   CAMPBELL, J., did not sit.