STEPHEN D. MILLETT in equity, *vs.* FRANK E. BLAKE, and DAVID M. WILLEY.

Piscataquis.    Opinion May 23, 1889.

*Name.  Idem sonans.  Sheriff's sale.  Notice to debtor.  Bill to redeem.*
*Tender.  Parties.  R. S., c. 76, § 42.*

The surname of Eliza A. Kealiher, in judicial proceedings in civil actions against her, and in proceedings for sale of her land, was spelled in the following different ways: *Keáliher, Keoliher, Kelliher, Kellier, Keolhier, Kelhier.*  *Held,* that the names are *idem sonans,* and sufficiently identify her.

When, in a sale of a debtor's land on execution by an officer, the debtor resides out of the county where the land lies, and his residence is stated in the proceedings, a return by the officer that he "forwarded to the judgment debtor in this execution a like notice, by mail, postage paid," is a sufficient compliance with the requirements of the statute.

Under R. S., c. 76, § 42, a return by an officer on an execution that he took and sold "all the right, title and interest which" the debtor has, is sufficient to pass all the title of the debtor to the lands described.

No tender to an assignee of a mortgage, or demand on him for an account of the amount due on the mortgage, is necessary by a plaintiff claiming the right of redemption under an attachment of the equity, when such assignee had no interest in the mortgage, at the time of the attachment.

Such assignee is, however, a proper party to a bill brought by the owner of the equity, seeking to redeem the mortgage, where he contests the validity of the owner's title to the equity.

ON REPORT.

This was a bill dated December 26, 1883, to redeem a parcel of land from a mortgage, held by the defendant Blake, under an assignment from one Smith, holder of the original mortgage, dated April 16, 1880.  The usual statute demand for an account was made on Blake, December 10, 1883; and no account was given.  Plaintiff had no actual knowledge of the mortgage given by Blake to the defendant Willey, and Willey was not made a party to the bill until after the mortgage to him had been disclosed in Blake's answer.  No demand was made on Willey for an account.

The case was reported by the presiding justice to the law court, by the agreement of the parties.

*Henry Hudson*, for plaintiff.

To the question of identity, counsel cited : Whart. Ev. §§ 701, 1273 ; *Goodell* v. *Hibbard*, 32 Mich. 48 ; *Tibbetts* v. *Kiah*, 2 N. H. 557 ; *Colburn* v. *Bancroft*, 23 Pick. 57, 58 ; *Com.* v. *Mehan*, 11 Gray, 321, 322 ; *Com.* v. *Gill*, 14 Gray, 400 ; Arch. Crim. Pl. (10th Ed.) p. 101 ; *Rex* v. *Foster*, Russ. & Ry. 412 ; *Com.* v. *Donovan*, 13 Allen, 571, 572 ; *Com.* v. *Jennings*, 121 Mass. 47. The names are different in *Shaw* v. *O'Brien*, 69 Maine, 501, and *Dutton* v. *Simmons*, 65 Maine, 583. The original certificate, produced for inspection, is competent evidence to show the date of the attachment was March 24, 1881. The officer may be permitted to amend his certificate. *Knight* v. *Taylor*, 67 Maine, 594 ; *Peaks* v. *Gifford*, 78 Maine, 362, 364.

Proper notice was given the judgment debtor. The officer adopts the exact language of statutes. *Townsend* v. *Meader*, 58 Maine, 288.

To the objection that the officer sold the debtor's right, title and interest and not the land, counsel cited : *Woodward* v. *Sartwell*, 129 Mass. 210.

Bill may be maintained, Blake not having rendered any account. R. S., c. 90, § 14 ; *Jones* v. *Bowler*, 74 Maine, 310, 314.

Demand on Blake sufficient. *Mitchell* v. *Burnham*, 44 Maine, 286. Should the court hold otherwise, by reason of the assignment of the mortgage to Willey, then the foreclosure by Smith is void, and plaintiff may be let in to redeem.

*J. B. Peaks*, *C. A. Everett*, with him, for defendants.

Attachment not valid because the officer's certificate of the attachment gives the name of defendant under which plaintiff claims as Kellier instead of Kealiher. It is a misnomer. *Shaw* v. *O'Brien*, 69 Maine, 501. Statute requires the officer to state in his certificate the date of the writ (which was March 24, 1881) and he returned it as being March 29, 1881. Officer's testimony that he intended to make it March 24, is not admissible. He is now plaintiff. *Pierce* v. *Strickland*, 26 Maine, 277, 289. Register's certified copy should control. R. S., c. 81, § 59 ; *Benjamin* v. *Spear*, 13 Maine, 187. Officer should have sold the equity of redemption, or the land, and not the debtor's right, title and

interest. We do not know by the return where the officer sent the notice to the debtor.

Bill should be dismissed as to Willey with costs because no notice was given him to account.

Blake could not discharge the mortgage after the assignment, and Willey having no notice to account, the bill should be dismissed as to both.

LIBBEY, J. This is a bill in equity to redeem a lot of land situated in Orneville, Piscataquis county, from a mortgage given by Eliza A. Kealiher to Joseph L. Smith, dated April 16, 1880, recorded April 17, 1880, and assigned by said Smith to the defendant, Blake, April 15, 1881, and recorded on the 18th of the same month.

The complainant claims the equity of redemption by virtue of an attachment on a writ in favor of *George W. Canney* v. *Eliza A. Kealiher*, on the 24th day of March 1881; judgment duly entered in that action; execution issued thereon; sale of the land by an officer on the execution to said Canney and deed from Canney to him dated November 12, 1883, recorded on the next day.

The defendants claim the land by conveyance from said Eliza A. Kealiher. They raise four objections to the validity of the plaintiff's title.

*First.* The want of identity as to mortgagor and the defendant in said attachment, judgment and sale. The name of the mortgagor in the mortgage is Eliza A. Kealiher of Lagrange. In the action, attachment and subsequent proceedings the name appears spelled as follows: in the writ, Eliza A. Keoliher of Lagrange; in the return of attachment, Eliza A. Kelliher; in the officer's certificate to the registry of deeds, Eliza A. Kellier; in the execution, Eliza A. Keolhier of Lagrange; in the return upon execution, Eliza A. Kelhier; in the sheriff's deed Eliza A. Keolhier of Lagrange. The land described in the officer's return of sale and in his deed to Canney is the same as that described in the mortgage.

Notwithstanding this difference in the spelling of the name in the proceedings relied upon, we think the sound in pronunciation

substantially the same. The residence of the party described when given is the same. The subject matter in which the name is used throughout is the same. It is worthy of remark, that while the name of the mortgagor, in the mortgage is Kealiher, that the defendant Blake in his notice of foreclosure of that mortgage, spells it Kelliher, one of the modes of spelling which he objects to in the proceedings relied upon by the plaintiff. We think the proceedings relied upon sufficiently establish the identity of the mortgagor throughout. *Tibbetts* v. *Kiah*, 2 N. H. 557; *Colburn* v. *Bancroft*, 23 Pick. 58; *Comm.* v. *Mehan*, 11 Gray, 322; *Comm.* v. *Gill*, 14 Gray, 400; *Comm.* v. *Jennings*, 121 Mass. 47.

*Second.* It is claimed that the date of the attachment was misstated in the officer's certificate to the registry of deeds. It is claimed by the defendants that the date of the attachment as stated in the certificate is March 29 instead of March 24. The date of the certificate returned to the registry is March 24, 1881. The original certificate returned to the registry is exhibited to the court for inspection. Although the second figure in the date of the attachment is somewhat obscure, still taken in connection with the date of the certificate itself, we read the date as March 24, and not 29.

*Third.* It is claimed that the sale by the officer is invalid for want of proper notice. That the proper notice, as appears by the officer's return, was posted in the town where the land was located and in two adjoining towns and published in a newspaper as required by law, is not questioned. After stating the posting of the notices in the towns, the officer in his return says, "and having forwarded to the judgment debtor in this execution a like notice by mail, postage paid, she not being a resident of Piscataquis county," more than thirty days before the sale. It is objected that this is not a sufficient return of notice to the debtor, because it does not appear directly, to what place or post office, the notice was sent. When the debtor's land is taken on execution and transferred to the creditor by levy, or sold at auction, the general rule is that the officer's return shall state in substance that every act was done, required by statute to constitute a valid levy or sale.

It is not necessary, however, that the officer should state in his return in direct terms the performance of such acts. No particular phraseology is required. It is sufficient if it appears by the language used, or can be reasonably and fairly inferred from it that the act was done. As in *Sturtevant* v. *Sweetser*, 12 Maine, 520, where the officer in his return of a levy, stated that the debtor refused to appoint an appraiser and he appointed one for him, the court held that that was a sufficient statement by the officer that reasonable notice was given to the debtor for that purpose. And in *Bugnon* v. *Howes*, 13 Maine, 154, where the officer in his return of a levy, stated that the debtor neglected to appoint an appraiser and he appointed one for him, it was held a sufficient statement by the officer of notice to the debtor; because if notice had not been given, a return of the officer that the debtor refused to appoint or neglected to appoint, would be false.

In the case at bar, the debtor resided in Lagrange, was so described in the execution, and in all the proceedings. The officer states that he forwarded the notice "to the judgment debtor in this execution" by mail, postage paid, she not being a resident of his county. When the debtor is not a resident of the county where the land lies, the statute provides that the notice may be given by the officer to him, by mail, postage paid. The question here is, whether it may be fairly inferred from the language used, that the notice was given the debtor by mail directed to her at her residence, as stated in the execution. Something may be inferred as to the correctness of the action of a public officer when the law requires him to do a certain act. *Snow* v. *Weeks*, 75 Maine, 105. We think it may be fairly inferred from the officer's statement, that the notice was directed to the debtor at her residence, as stated in the execution. If not, it can not be true that he forwarded it to the judgment debtor in the execution through the mail. If not directed to her at her residence, but directed elsewhere, it was not forwarded to her through the mail; and the officer would be liable for a false return.

*Fourth.* It is claimed that the sale of the land or of the equity of redemption is invalid, because the officer returns only that he took and sold "all the right, title and interest, which said Eliza

A. Kelhier had on the twenty-fourth day of March, A. D. 1881, in and to," the land described.

The defendants' contention is, that such a return of a seizure and sale is unauthorized by law, that the officer should say that he seized and sold the land. By R. S., c. 76, § 42, "real estate attachable, may be taken on execution and sold, as rights of redeeming real estate mortgaged are taken on execution and sold." * * * * "Such seizure and sale pass to the purchaser, all the right, title and interest that the execution debtor has in such real estate at the time of such seizure, or had at the time of the attachment thereof on the original writ, subject to the debtor's right of redemption."

Prior to the enactment of this statute, the right to redeem the debtor's lands under mortgage could be acquired by the creditor by levy of his execution upon the lands as provided in said chapter, or by seizure and sale of the equity of redemption. If by levy, the amount due upon the mortgage would be deducted from the appraised value of the land taken. So that by either mode, the creditor took the right to redeem only. Under § 42, the right of the creditor was enlarged so that he might sell a debtor's lands instead of making the levy, and in that way take all of the right, title and interest that he has in the lands, of any nature.

It is the settled law of this state, that an attachment of all the right, title and interest which the debtor has in lands, is a good attachment of the land itself. And the question presented here is whether under this enlarged remedy of the creditor, a seizure and sale of all the debtor's right, title and interest as rights of redeeming real estate mortgaged are taken on execution and sold, will pass to the creditor the debtor's right of redemption where the land is mortgaged. We think it will. We can see no good reason, and no sufficient reason has been pointed out by counsel, why the statute should not be so construed. We think such a seizure and sale will pass to the creditor all the debtor's right, title and interest in the land, whether it be a fee or a less estate.

The same question came before the court in Mass. in *Woodward* v. *Sartwell*, 129 Mass. 210, under the statute of that state of 1874,

c. 188, which in terms is substantially if not precisely like § 42 of our statute, and was elaborately considered by that court. And the court held that the seizure and sale of all the right, title and interest of the debtor by the officer upon execution, passed to the creditor the title to the land, as against a prior unrecorded deed of the debtor. The reasons for that construction are fully stated in the opinion by Judge Endicott in that case; and we adopt them here without restating them.

But the defendants say, assuming the plaintiff's title to the equity to be valid, this bill cannot be maintained, because it does not allege a tender of the amount due on the mortgage to Willey or a demand on him for an account and a refusal or neglect to render one.

We think the answer to this position is, that by the case as reported, it does not appear that Willey had any interest in the mortgage from Kealiher to Smith, which the plaintiff seeks to redeem. The attachment under which the plaintiff holds was made March 24, 1881. Kealiher at that time held the equity of redemption. She conveyed to Blake April 14, 1881, and Blake mortgaged to Willey on the same day. Smith assigned the Kealiher mortgage to Blake April 15, 1881, so that it appears that when Blake made his mortgage to Willey, he had no interest in the Smith mortgage. It follows therefore, that Willey has no right to the money due on that mortgage. He is a proper party in this process, because he claims under Blake and contests the validity of the plaintiff's title.

The result is, that the plaintiff has a right to redeem the Smith mortgage. The amount due may be assessed at *nisi prius*, or a master in chancery may be appointed.

*Bill sustained.*

*Costs for plaintiff.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.