THOMAS R. FOLEY v. JOSEPH M. MARKHAM.[1]

February 4, 1895.

No. 8513.

Log-Lien Law of 1876—Constitutionality.

Brown v. Markham, infra, p. 233, 62 N. W. 123, followed, as to the constitutionality of the log-lien law (G. S. 1894, § 2451 et seq.).

Action to Enforce Lien — Seizure of Logs in Another Judicial District.

The action to enforce the lien was commenced in Hennepin county, in the Fourth judicial district, and the surveyor general's office, in which the mark upon the logs was properly recorded, was in the same county. The writ of attachment was directed to the sheriff of Aitkin county, which county is in another judicial district. The logs were actually in Aitkin county when constructively seized by the sheriff of that county, and he made the return to the writ, and caused the certified copies required by the statute to be filed in the office of the surveyor general. Held, that the seizure was legal and valid under the provisions of G. S. 1894, § 2453.

Action in the district court for Aitkin county, in claim and delivery, for certain pine logs, or, in case delivery could not be had, for $500 as their value, and $100 as damages for their detention. At the trial the parties stipulated upon the following facts: Under contract with plaintiff, one Morrins cut and banked certain logs which were the property of plaintiff, and were marked with a certain log mark, recorded in the name of plaintiff in the office of the surveyor general of logs for the district. A person hired by Morrins, who had performed manual labor upon the logs, alleged to be of the value of $244.11, filed his statement and claim for a lien for that

[1] Reported in 62 N. W. 125.

amount upon the logs, in manner and form as required by the statute, and began an action against Morrins, and to enforce his lien against the logs. Morrins was personally served with the summons in that action. On July 29, 1891, a writ of attachment was duly issued in that action, directed to defendant in this action, as sheriff of Aitkin county; and by virtue of the writ defendant the same day levied upon and attached certain logs. Thereafter judgment was entered in the lien case against Morrins, and the amount of the judgment was adjudged a lien upon the logs. The judgment was duly docketed, and an execution thereon duly issued, by virtue of which this defendant duly levied on the logs mentioned in the complaint. At the beginning of this action, the logs were delivered to plaintiff by defendant, and except for the right to possession of, and the interest of defendant in, the logs, by virtue of the proceedings set forth, plaintiff is the owner and entitled to the possession of the logs.

From a judgment in favor of defendant, entered pursuant to findings of Holland, J., plaintiff appealed. Affirmed.

*A. Y. Merrill,* for appellant.

The lien law of 1876 is unconstitutional and void, for the reason that it provides for taking, without due process of law, property of one to pay the debt of another, in that no notice is given to the owner of the property of the proceedings against it. Until the logs are seized the action is merely a personal action. Griffin v. Chadbourne, 32 Minn. 126, 19 N. W. 647. The proceeding under that law is not valid as a proceeding in rem, since in such a proceeding there is no such thing known to the law as constructive possession. Where personal property is capable of corporeal seizure, an actual taking of possession by the officer is always required, when no other notice is given. Taylor v. Carryl, 20 How. 583, 597; Henry, Admiralty Jur. 357; The Brig Ann, 9 Cranch, 289; Pelham v. Rose, 9 Wall. 103; Jennings v. Carson, 4 Cranch, 2; The Schooner Silver Spring, 1 Sprague, 551, Fed. Cas. No. 12,858. But by the lien law of 1876 no actual seizure of logs is contemplated. The proceeding under the law is not valid as an action in personam, since in such an action some kind of notice is required. Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315.

*Lindbergh & Adams,* for respondent.

Actual seizure of the property is not necessary to give the court jurisdiction. Waples, Proc. in Rem. §§ 69–72; Cooper v. Reynolds, 10 Wall. 308; Voorhees v. Jackson, 10 Pet. 449; Chauncey v. Wass, 35 Minn. 37, 25 N. W. 457, and 30 N. W. 826, and cases cited.

COLLINS, J. 1. This case was argued at the April, 1894, term, when but four members of the court were in attendance. While it was under consideration we learned that the principal, and, as we regard it, the important, question involved, namely, the constitutionality of the log-lien law of 1876, was to be presented at the present term in the case of Brown v. Markham, infra, page 233, 62 N. W. 123. Preferring to consider the question with a full bench, the decision of this cause was postponed. In the Brown Case (opinion filed with this), we hold the law valid in so far as it protects and continues the lien of the laborer, if he have one, and that disposes of the principal contention here.

2. The action to enforce the lien was brought in Hennepin county, in the Fourth judicial district, and the surveyor general's office, in which the mark upon the logs was properly recorded, was in Hennepin county. The writ of attachment was directed to the sheriff of Aitkin county, which county is in another judicial district. The logs were actually in Aitkin county when constructive seizure was made by the sheriff of that county, and he made the return to the writ, and caused to be filed the required certified copies in the office of the surveyor general. There is nothing in counsel's contention that the writ should have been directed to, served, and returned by the sheriff of one of the counties in the Fourth judicial district. Section 3 of the log-lien law (G. S. 1894, § 2453) is somewhat awkwardly worded, but it is incapable of so technical a construction as that demanded by counsel. And, if this were not true, the stipulation of facts disposes of the point. As to the sixth assignment of error, we need but to say that it is without merit.

Judgment affirmed.