JONAS F. BROWN v. JOSEPH M. MARKHAM.[1]

| 60 | 233 |
| 60 | 218 |
| 60 | 233 |
| 62 | 529 |

February 4, 1895.

No. 9180.

**Log-Lien Law of 1876—Constitutionality.**

The log-lien law of 1876 (G. S. 1894, §§ 2451–2465, inclusive) is constitutional.

**Same—Judgment for Claimant—Presumption.**

A judgment for the plaintiff in such an action does not preclude the owner of the logs from denying the right of the plaintiff to a lien upon them in an action brought to recover the logs, or their value in case recovery cannot be had. But in such action the judgment in the original proceedings to establish the lien, regular on its face, must be *held* valid, unless the contrary affirmatively appears, and all reasonable presumptions consistent with the record must be made to sustain it.

**Same—Writ—Return.**

The writ issued to the sheriff in this case contained all that was required by the statute. The return of the sheriff indorsed thereon, a copy being filed, also contained all that was contemplated by the statute; but, in addition, the sheriff certified that he had attached all of the right, title, and interest of the defendant in the described logs. *Held*, that the irregularity in the return should be disregarded, and that the return was sufficient to give the court jurisdiction over the logs to the extent necessary to proceed to a judgment establishing the lien.

Action in the district court, in claim and delivery, for certain pine logs, brought originally in Aitkin county, but, by stipulation of the parties, changed to Hennepin county. The answer was a general denial, save that the value of the logs was admitted. At the trial it was stipulated by the parties that defendant was the sheriff. of Aitkin county, and, as such sheriff, was in possession of the logs under an alias execution issued out of the district court for Hennepin county in an action for the enforcement of an alleged lien; that plaintiff was the owner of the logs, and was entitled to the possession thereof, except so far as that right might have been divested by the proceedings to enforce the lien. Defendant then offered in evidence the court files, statement for lien, affidavit for attachment of the logs, writ of attachment, with return of the officer of levy, and

judgment roll in a case in the same court against one Smith, wherein, upon default, one Rice obtained a lien for a balance due him from Smith for banking the logs, and a decree for their sale to satisfy the lien. Plaintiff objected to the introduction of these documents as incompetent, that these proceedings had not been pleaded, and that plaintiff had not been a party thereto. Defendant then offered the execution issued in that case, with a return of the sheriff thereon releasing the same, and returning the judgment unsatisfied. It was then admitted, subject to the objection it was immaterial, that Rice performed the amount of labor on the logs stated in his claim. The court, Pond, J., a jury having been waived, found for defendant. From an order denying a motion for a new trial, plaintiff appealed.

*George R. Robinson,* for appellant.

The lien law of 1876, so far as it assumes to take property of a third party to satisfy a claim for lien, without making him a party to the proceedings to enforce the same by an actual notice or by an actual seizure, is in contravention of article 5 of the United States constitution, as amended, as well as section 7, art. 2, of the state constitution. The proceeding provided by section 3 of the lien law 'is a proceeding in rem. Griffin v. Chadbourne, 32 Minn. 126, 19 N. W. 647. Actual seizure, from which the court could presume notice to the owner, is necessary to give the court jurisdiction. Waples, Proc. in Rem. § 64; Taylor v. Carryl, 20 How. 583; Pelham v. Rose, 9 Wall. 103; The Schooner Silver Spring, 1 Sprague, 551, Fed. Cas. No. 12,858.

*George H. Reynolds,* for respondent.

Where a particular construction of an act has been acquiesced in for 15 years, unquestioned by the legislative or executive departments, it is too late to question its correctness, unless clearly wrong. Cooley, Const. Lim. 69, 70; Nash v. Sullivan, 29 Minn. 211, 12 N. W. 698; Faribault v. Misener, 20 Minn. 352 (396); Ames v. Lake S. & M. R. Co., 21 Minn. 241. The lien law entered into and became part of the contract between the owner and contractor. Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120; Van Stone v. Stillwell Manuf'g Co., 142 U. S. 128, 12 Sup. Ct. 181; Reilly v. Stephen-

son, 62 Mich. 509, 29 N. W. 99; Mallory v. La Crosse Abattoir Co., 80 Wis. 170, 49 N. W. 1071; Bourgette v. Williams, 73 Mich. 208, 41 N. W. 229; Oliver v. Woodman, 66 Me. 54. The records in the office of the surveyor general are public records. G. S. 1894, § 2403. By the filing of the statement of lien in that office, appellant had notice of the proceedings in rem. In such proceedings it is only necessary that notice should be reasonable. It is for the legislature to determine the manner of giving notice. Stapp v. Steamboat Clyde, 43 Minn. 192, 45 N. W. 430. The general owner is not deprived of his property without due process of law, if he may have his rights determined in an action of replevin. Munger v. Lenroot, 32 Wis. 541; Winslow v. Urquhart, 39 Wis. 266; Happy v. Mosher, 48 N. Y. 317.

COLLINS, J. The leading question in the case is the constitutionality of the log-lien law of 1876 (G. S. 1894, §§ 2451–2465). The claim is made that the law provides for and authorizes the taking of the property of one person to pay and discharge the debt of another without due process of law, because there is no requirement that notice of the pendency of the proceedings shall be given to the owner of the logs. It is true that the only defendant contemplated by the law is the person liable for the payment of the debt itself, except in cases of intervention, and frequently such person is not, and never has been, such owner. Although there has been much litigation growing out of the passage of this act, almost 18 years ago, the question was first presented to this court at its last term. While the fact that its validity has never been questioned here, and has been, so far as this tribunal is concerned, acquiesced in for nearly two decades, cannot be allowed to control our decision, the fact must not be disregarded altogether. No one questions the power of the legislature to give those who perform labor upon logs a lien thereon for their wages. The objection urged against the validity of the statute is that heretofore noticed. Upon the theory that the judgment in lien proceedings is conclusive against the owner of the property, the objection cannot be overcome. Treating the action as a proceeding in rem as to the logs, the mere constructive seizure of them by filing a copy of the writ of attachment and of the sheriff's return thereon in the office of the surveyor general is

clearly inadequate as notice to the owner. If we treat the action as one in personam, there is also an entire absence of any provision for notice to the owner, such as would constitute "due process of law." But if the only effect of the action is to protect or continue the lien of the laborer, if he have one, leaving the lien still in pais as to the log owner, who still has the right to contest it on the merits whenever his property is seized or interfered with, then there can be no constitutional objection to the law. Although the judgment in the statutory action would be as to the owner of the logs res inter alios acta, yet it would be competent for the legislature to make it prima facie evidence against him. That would be a mere rule of evidence.

The log-lien law of 1876 was copied, undoubtedly, from the statutes of the state of Wisconsin. In 1873 (Munger v. Lenroot, 32 Wis. 541) the validity of the law was upheld in that state. It was said in the opinion in that case that, while it might have been proper to have provided for the giving of notice to and the bringing in of the log owner into the action, it was not absolutely essential, for, by the proceedings actually had, he was not prevented from having his day in court. He could bring a suit to recover possession of his property, and therein show that the claimants were not entitled to enforce any liens against it. It was held that the elementary principle that the log owner could not be concluded by a judgment to which he was not a party was applicable when such owner attempted to assert his legal right to the property against which lien proceedings had been taken. Redington v. Frye, 43 Me. 578, was referred to as authority upon the question. In 1875 (Winslow v. Urquhart, 39 Wis. 260) the decision in the Munger Case was adhered to, it being distinctly laid down that the Wisconsin statutes, under which the lien proceedings were had, were valid laws, although they did not require that the general owner of the logs in controversy should be made a party, and, further, that such proceedings were not invalid merely because such owner was not made a party. But, on the authority of the Munger Case, it was declared that in an action brought by the general owner he might contest the right of the claimant to enforce a lien against his logs. An examination of the cases cited from Wisconsin will show that they are exactly in point here.

The log-lien law of the state of Michigan is much like the one we are considering. The noticeable difference is that the officer executing the writ of attachment is required to serve, or to cause to be served, a copy of such attachment on the log owner or his agent or attorney, before the return day, if such owner, agent, or attorney be known to the officer, and be a resident of the state. The person primarily liable for the payment of the debt is made defendant in the action as he is here under the statute of 1876, and, as with us, the owner is privileged to appear, intervene, and defend. From what we have stated concerning the requirement of the Michigan statute as to service of a notice or copy of the attachment upon the owner, his agent or attorney, it is obvious that it is open to attack upon the same ground as that urged in this case, for no one could contend that this provision as to service on the log owner or his agent really aided the law as against an objection to its validity from a constitutional standpoint. While the precise question now before us was not involved, it was remarked in Reilly v. Stephenson, 62 Mich. 509, 29 N. W. 99, that such a law was valid if an opportunity was given the log owner to contest the claimant's right to a lien. See, also, Craddock v. Dwight, 85 Mich. 587, 48 N. W. 644, in which it is affirmed, on the strength of previous decisions, that the lien is valid.

Under our view of the statute of 1876, an opportunity is given the owner of the logs to contest the right of the claimant to a lien in an action like this to recover the property, or its value in case a recovery cannot be had. As was said in the case last cited, the owner of the standing pine knows perfectly well when he enters into a contract for lumbering that labor must be performed which, day by day, enters into the material, and enhances its value; and he knows equally as well that the laborers have the right to protect themselves in the matter of compensation by putting a lien on the logs. Knowing this, and having it within his power to care for his own interests when contracting for the work, the owner of the logs cannot say that a law which simply secures payment to the men who perform the manual labor, is unreasonable. He must intend that liens shall attach, and his own rights be subjected thereto. The same thought is found in the mechanic's lien case of Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120. Nowhere in the statute now

being considered is there an attempt to deprive the log owner of his right to be heard,—of his day in court. He knows the law, and, at least, expects, if he has not protected himself, as well as the men, that liens will be filed. If he has not contracted with responsible parties, or provided for the payment of wages in his contract, he must intend that liens shall be filed, and the records in the office of the surveyor general of logs and lumber are open to his inspection, so that he can easily be advised of the situation. These records cannot well be held as notice which will bind him, but they convey the desired information. And by express provision of the statute the owner is given an opportunity to intervene, and take part in the original action. If he does so, he is bound by the result. If he fails to participate, the proceeding does not take away his property; it simply establishes a lien, which he expected and intended when entering into a contract for the lumbering,—a lien in which a sale is made and a sheriff's certificate given, but it cannot be made conclusive evidence of ownership as against such owner. That the action should be brought against the employer who hired the laborer, and not against the owner, when not the employer, is quite proper, for with the owner the laborer had no contract. See Oliver v. Woodman, 66 Me. 54. The lien is a just one, and to the extent here indicated easily sustained. In an action brought by the owner of the logs the judgment in the original proceedings, regular on its face, must be held valid, unless the contrary affirmatively appears; and all reasonable presumptions consistent with the record must be made to sustain it. Winslow v. Urquhart, supra. This disposes of the claim that the law is unconstitutional.

We will now briefly consider appellant's contention that in any event the levy of the attachment was insufficient. The writ, as provided in G. S. 1894, § 2453, required the sheriff to attach and safely keep the logs described in plaintiff's lien affidavit, namely, 1,501,630 feet, bearing certain specified marks, or so much thereof as might be necessary to satisfy the amount stated as plaintiff's claim for his work and labor. Under the statute the attachment is made by filing certified copies of the writ and of the sheriff's return of levy indorsed thereon, in the office of the surveyor general, specifying the mark or marks on the logs and the quantity levied on. The return actually made—a copy thereof being filed—contained all

that the statute contemplated, but, in addition, the sheriff certified that he had attached all of the right, title, and interest of the defendant in that action, Smith, therein. But in view of the statute, and notwithstanding this irregularity, the return was sufficient to give the court jurisdiction over the logs to the extent necessary to proceed to a judgment establishing an already existing lien. That part of the return which stated that the interest of the defendant had been levied on must be disregarded as manifestly repugnant to what the sheriff was directed to do, what he intended to do, and what he actually did. Fullam v. Stearns, 30 Vt. 443; Buck-Reiner Co. v. McCoy, 85 Iowa, 577, 52 N. W. 514. This covers all of the alleged errors which need to be specially considered.

Order affirmed.