SCOTT & HOLSTON LUMBER COMPANY v. PAUL SHARVY.[1]

Nov. 22, 1895.

Nos. 9819—(133).

**Lien on Logs—Service of Attachment—Return.**

In an action to enforce a lien on logs and timber by attachment, a return of the officer that he served a copy of the writ of attachment and inventory thereto attached upon the surveyor general of the lumber district, by handing to and leaving with him a true and correct copy thereof, is insufficient because it fails to show that such copy was filed in the office of the surveyor general, as required by G. S. 1894, § 2454.

**Same.**

The return should show everything necessary to constitute a valid levy.

**New Trial—Accident and Surprise.**

*Held,* also, that under the facts of the case there was no error in the court's refusing a new trial on the ground of accident and surprise.

Appeal by defendant from an order of the district court for St. Louis county, Lewis, J., denying a motion for a new trial. Affirmed.

*Tear, Davies & Bureau,* for appellant.

*Wm. B. Phelps,* for respondent.

MITCHELL, J. Action to recover the possession of a quantity of logs. The allegations of the complaint were that the plaintiff was the owner and entitled to the immediate possession of the property, and that the same was wrongfully withheld and detained from it by the defendant. The answer was a general denial.

Upon the trial the defendant, for the purpose of establishing his right, as sheriff, to the possession of the logs, offered in evidence the judgment rolls in several actions brought by various plaintiffs under

[1] Reported in 64 N. W. 1132.

the log lien law of 1876 (G. S. 1894, § 2451 et seq.) to enforce liens for labor performed in cutting the logs. To these actions the plaintiff was not a party. The purpose of the offered evidence was to prove the existence of the liens; the judgments, if valid, being prima facie evidence of that fact against the plaintiff, although not a party to the action in which they were rendered. Brown v. Markham, 60 Minn. 233, 62 N. W. 123. The statute provides that such liens may be enforced by attachment against the logs or timber; that in case of a levy upon logs the officer shall file a certified copy of the writ, with a copy of his return of levy indorsed thereon, in the office of the surveyor general of the lumber district in which the suit is brought, etc. The return of the sheriff upon the writs of attachment in each of these cases was that he had "served the writ of attachment and inventory thereto attached upon the surveyor general * * * by handing to and leaving with Geo. F. Ash, the said surveyor general, a true and correct copy thereof." The exclusion of these judgment rolls is assigned as error.

While every reasonable intendment should be made in favor of the regularity of his official acts, yet the sheriff's return should state what he has done, and, when the manner of doing it is important, it should be set forth. It must affirmatively show everything necessary to constitute valid service. In these proceedings the levy of the attachment is the basis of the jurisdiction of the court to proceed against the property. Hence the sheriff must make such a return as, under the statute, will constitute a valid levy. Passing by the fact that the return in this case does not show that the copy of the writ served on the surveyor general was certified to, it would be impossible, by the most liberal permissible intendment in favor of the sheriff, to construe this return as meaning that he filed a copy of the writ and the return indorsed thereon in the surveyor general's office, or that he delivered it to and left it with him for the purpose of its being filed. Hence the return did not show that any valid levy on the logs had been made, and therefore on that ground the court was right in excluding the evidence. This renders it unnecessary to consider whether such evidence, if otherwise competent, was admissible under a general denial. For the same reason the refusal of the court to allow the defendant to amend his answer was at most error without prejudice.

Several months after the cause was tried and decided, the attorney

for the defendant discovered, as he alleged, that the sheriff's return did not state the true and exact facts as to the manner in which the attachment was levied, and that a certified copy of it was in fact filed in the office of the surveyor general. He thereupon obtained an order of court permitting the sheriff to amend his return in accordance with the facts, and then moved for a new trial on the ground of accident and surprise which ordinary prudence could not have guarded against. The court denied the motion. No satisfactory excuse is given for the failure of counsel to sooner discover this omission in the return of the sheriff which was so vital to their proof in this case, as well as to the validity of the judgments in the actions to enforce the liens, in which they themselves were counsel for the plaintiffs. There was also unexplained delay after the decision of this case in moving to have the return amended, and in moving for a new trial. Under the circumstances we cannot say that the court abused its judicial discretion in denying the motion.

Order affirmed.