EMERY H. BREAULT and Others v. MERRILL & RING LUMBER COM-
PANY and Another.

May 2, 1898.

Nos. 10,954—(57).

**Foreclosure of Log Lien—Wrongful Taking from Sheriff—Action for Depriving Claimant of His Lien.**

Where, pending an action to foreclose a log lien, the logs were wrong-
fully taken from the sheriff, who had seized and held them under the
writ of attachment issued in the action, *held*, although the log-lien claim-
ant was not entitled to the possession of the logs, he may maintain
against the persons who took and sawed them up an action for damages
for depriving him of his statutory lien.

**Same—Void Attachment—Judgment—Collateral Attack.**

Conceding, without deciding, that the attachment proceedings appear
on their face to be irregular and void, and that, if the log-lien foreclosure
action was merely an action in rem, the judgment therein would be void
on its face, *held*, it is not merely an action in rem; the defendants herein
were defendants in that action; the court had personal jurisdiction of
them, entered a judgment foreclosing the lien on all the logs described in
the complaint, and these defendants cannot impeach that judgment col-
laterally.

**Admission of Evidence—Error without Prejudice.**

The admission of certain evidence, if error, *held* error without preju-
dice, because the same facts were conclusively proved by other compe-
tent evidence.

**Findings Sustained.**

Evidence *held* to sustain the findings of the court.

**Misjoinder of Plaintiffs—Waiver.**

The defendants failed to object in any manner in the court below to
a misjoinder of parties plaintiff. *Held*, the objection is waived.

**Rulings of Court.**

Certain other rulings of the court disposed of.

Appeal by defendants from a judgment of the municipal court of
Duluth, in favor of plaintiffs for $288.97, entered in pursuance of
the findings and order of Edson, J.   Affirmed.

Most of the facts are stated in the opinion.   The sheriff attached

the logs, as mentioned in the opinion, on May 6, 1895, and notice of the levy was duly served on each of the defendants. The judgment in the action to foreclose Breault's lien was entered April 21, 1897.

*Draper, Davis & Hollister* and *H. J. Grannis,* for appellants.

*Teare & Middlecoff,* for respondents.

CANTY, J.[1]

The complaint herein alleges, in substance, that the plaintiff Breault, one Jackson and one Olson each performed labor in cutting certain pine saw logs; that each duly filed a lien statement therefor in the office of the proper surveyor general; that Jackson and Olson each duly assigned his claim to Breault; that an action was duly commenced by Breault in the district court, and judgment was duly entered in his favor thereon, declaring the sums due on the three claims to be a lien on the logs; that the defendants herein obtained possession of the logs, and converted them to their own use, to the damage of plaintiff in the sum of $264, the amount so adjudged in the former action to be due on the three claims; and that Breault assigned a part of this claim to the other plaintiffs. Plaintiffs demand judgment for said sum of $264. The defendants answered, and on the trial before the court without a jury a decision was rendered in favor of plaintiffs. From the judgment entered thereon, defendants appeal.

1. Appellants contend that this is an action for conversion; that such an action will not lie unless the plaintiffs are entitled to the possession of the property converted; that none of the plaintiffs in this case are entitled to such possession; that no one but the sheriff who attached the property in the log-lien foreclosure suit is entitled to possession, or to maintain an action of trover for the logs taken from his possession, and therefore this action cannot be maintained.

It was undoubtedly true that the common-law action of conversion would not lie unless the plaintiff was entitled to possession. It is also true that none of these plaintiffs ever were entitled to the possession of those logs, that no one but the sheriff who attached them is entitled to such possession until he has disposed of

[1] BUCK, J., absent, took no part.

them on the execution sale, and that he may maintain trover for the taking of the logs from his possession. But that does not dispose of this case. The plaintiff Breault had a statutory lien on the logs. The seizure of them by the sheriff was not the inception of that lien, but merely one of the steps which continued it in force. Under these circumstances, Breault had a right to maintain an action on the case for damages for wrongfully depriving him of that lien, even though he was not entitled to the possession. It was so held in Goodrow v. Buckley, 70 Mich. 513, 38 N. W. 454, a case similar to this. Neither is it necessary, under our practice, to label the case as an action in trover or an action on the case. If the complaint states facts which show that plaintiff is entitled to recover, it is sufficient.

2. In his return to the writ of attachment, the sheriff did not state the quantity of the logs levied on. He simply returned that he had levied on all the logs of the mark in question at the yards and mill of the Merrill & Ring Lumber Company, in West Duluth, in the city of Duluth, in St. Louis county, Minnesota. G. S. 1894, § 2454, provides that the sheriff shall file a certified copy of the writ with the return of levy indorsed thereon, specifying the mark or marks upon the logs and the quantity levied upon by him, in the office of the surveyor general. Appellants contend that, because of the defective character of the return, the levy appears to be void, and that therefore it appears on the face of the judgment that the court had no jurisdiction of the action; citing Griffin v. Chadbourne, 32 Minn. 126, 19 N. W. 647, and Scott & H. L. Co. v. Sharvy, 62 Minn. 528, 64 N. W. 1132.

Whether or not the point would be well taken if it were not for the facts hereinafter stated, we need not consider. These defendants were made parties to that action, answered therein, and admitted that defendant Prindle had then become the owner of the logs, by a sale of them to him by the Merrill & Ring Lumber Company. It appeared that one Archambault was the owner of certain described lands, on which the pine in question was standing; that he sold the logs, thereafter to be cut, to the Merrill & Ring Lumber Company, and contracted with Lane & Raymo to cut, haul and bank the logs; that they employed Breault, Jackson and Olson,

72 M.—10

and that 2,500 pine saw logs, containing about 170,000 feet, were so cut from this land, and were then in the boom of said Merrill & Ring Lumber Company, in Duluth; and that all of said logs bear the mark C. L. R. In its findings of fact in that action, the court found that Breault, Jackson and Olson performed work and labor "upon the logs and timber described in the complaint." In its conclusions of law, the court ordered judgment in favor of the plaintiff therein, and against Lane & Raymo, for $193.60, and interest, costs and disbursements; adjudging "that the said sum, with interest, as aforesaid, is a lien upon the said logs and timber described in the foregoing findings," and that the logs be sold, etc. The judgment adjudges "that the plaintiff take and have judgment herein against Lane & Raymo, and each of them, and that the same, with all interest and costs, shall be a lien upon the logs and timber described in the findings of fact filed herein, and each of the same, and all logs marked C. L. R., as described in the finding of facts herein." It then proceeds to adjudge the amount due, and orders the logs sold to pay the same. The judgment is not void for uncertainty, because it refers to other records in the judgment roll for a description of the logs.

We are of the opinion that this action had become something more than a proceeding in rem to condemn and sell the logs which the sheriff had seized. The judgment declared the amount adjudged due a lien, not on the logs attached by the sheriff, but on all the logs described in the complaint. This judgment is binding on these defendants. As against them, the action had become one in personam, to foreclose a lien on all the logs described in the complaint, including those seized by the sheriff. Whether or not this method of proceeding was regular is now wholly immaterial. The court had jurisdiction of the persons of these defendants, and they cannot impeach that judgment collaterally. There is nothing in appellants' claim that the judgment is so indefinite that it is void.

3. One of the attorneys of plaintiffs testified that, just after the judgment in the lien foreclosure suit was entered, he called up the Merrill & Ring Lumber Company through the telephone. Little, the secretary of the company, responded. The witness in-

formed him that the judgment had been entered, and asked him what had become of the logs. He answered that they were sawed up in the spring of 1895. He also stated that the logs so cut by Lane & Raymo had been delivered. Whether, as appellants contend, this evidence is incompetent, because it did not appear that Little had authority to represent the company in making the admissions, we need not consider. Little testified on the trial to the facts so admitted, and his evidence was in no manner contradicted or impeached. Then the facts were conclusively proven by other evidence, and, if it was error to admit the evidence as to these admissions, it was error without prejudice.

4. The defendants are estopped by said judgment from denying that Breault had a lien on the logs described in the complaint, including those seized by the sheriff; and we are of the opinion that the evidence will support a finding that the defendants, acting together, converted a quantity of these logs, of the value of at least $264, the amount of the judgment. It is immaterial whether the value of the quantity so converted exceeded this, or amounted to $600, as found by the court. We are also of the opinion that the evidence sufficiently identifies the logs so converted as the logs on which it was adjudged Breault was entitled to a lien.

5. Whether or not there was any evidence to prove that Teare & Middlecoff were properly joined as plaintiffs in this action with Breault, we need not consider. The defendants did not plead any misjoinder of plaintiffs, and did not at any stage of the proceedings of the court below object to the joinder of Teare & Middlecoff as plaintiffs. Then the objection was waived.

6. If the execution issued on said judgment was not properly in evidence, it was error without prejudice. The same may be said as to the admission in evidence of the log-lien statements, and of the bill of sale from Archambault to Prindle. The answers of Prindle and the Merrill & Ring Lumber Company in a former action between the parties, containing certain material admissions, were properly received in evidence; and, even if some of these admissions were not sufficiently definite in themselves, some of the other evidence in the case assisted in making them so. The finding of the court that plaintiffs were the owners of the logs, and

entitled to the possession of the same, though erroneous, is im-material. Breault is, as we have seen, entitled to recover, even though he is not the owner, or entitled to the possession.

This disposes of all the questions raised having any merit, and the judgment appealed from is affirmed.