## C. M. SMITH v. DULUTH LOG COMPANY.

### KENNEY & ANKER v. SAME.[1]

July 5, 1912.

Nos. 17,711, 17,712, 17,713—(143, 144, 145).

**Log lien — levy of attachment.**

 In an action to foreclose a laborer's lien under the log lien statute (R. L. 1905, § 3524, et seq.), the return of the sheriff that he levied upon and attached "all the right, title, and interest" of defendants in and to the logs and timber involved in the action *held* sufficient as a levy upon the property itself.

[1] Reported in 137 N. W. 6.

**Same — return of sheriff.**

The return of the sheriff *held* sufficiently to describe the property, and that it was not fatal to the validity of the levy under the attachment that the number of feet of lumber contained in the logs attached was not given; the number of logs, with marks, being definitely stated.

**Service by sheriff — presumption.**

The service by a sheriff of a writ of attachment is presumed to have been made within the county of which he is sheriff.

Actions in the district court for St. Louis county to recover $680.-07, and to obtain and foreclose a lien for the same upon certain logs. Plaintiffs attached certain ties, logs, etc. Defendant moved to vacate the attachments and set aside the returns on the ground that the purported levies and returns were unauthorized and void. The motions were denied, Cant, J. From the order denying defendant's motion, it appealed. Affirmed.

*Fryberger & Fulton,* for appellant.

*Baldwin & Baldwin* and *J. T. Pearson,* for respondents.

BROWN, J.

These several actions were brought to foreclose certain alleged log liens under the provisions of section 3524, et seq., R. L. 1905. Defendant Duluth Log Company moved the court below to vacate the writ of attachment issued in the action, and to quash and set aside the sheriff's return thereof, upon the ground that the purported service of the writ and the levy thereunder were insufficient to vest the court with jurisdiction of the action. The motion was denied, and defendant appealed.

Section 3524 gives to those who perform labor or render services in or about the cutting, hauling, or driving of logs a lien for the value of their services upon the product of their labor. The next section provides for the foreclosure of the same. The action was commenced and a writ of attachment issued as required by the statute, and delivered to the sheriff of St. Louis county, where the action was brought, for service. The sheriff made return to the writ as follows:

"I hereby certify and return that, under and by virtue of the

118 M.—28.

writ of attachment hereto attached, I have this 6th day of May, 1911, levied upon and attached all right, title, and interest of Duluth Log Company & Ab. Smith, defendants named therein, in and to the following described property, to wit: All the ties, logs, piling, pulpwood, etc., stamped with the marks (here the log marks are given) or D. L. Co., and got out by Ab. Smith near Hornby, Minnesota, and mile post 44, during 1910 and 11, for the Duluth Log Company.

"About 4,500 tamarack ties, 20 cords of pulpwood, 86 sticks of piling at Hornby, Minn."

A certified copy of the writ and return was properly filed with the surveyor of logs and lumber, though it is claimed by defendant that the last clause of the return, indicating a levy upon the tamarack ties, pulp wood, and piling at Hornby, was not a part of the return as filed with the surveyor.

The points made by the defendant in support of the motion to vacate the attachment and set aside the levy are: (1) That the levy was not upon the property itself, but upon the "right, title, and interest" of defendants therein, without reciting that defendants had any title or interest in or to the property; (2) and (3) that the property was not described in the return as being within St. Louis county, wherein the action was brought, or at any particular place in the state, and no particular quantity of property was mentioned; and (4) that the return indorsed upon the original writ did not correspond with the copy thereof filed with the surveyor.

It is undoubtedly the rule in actions of this kind that a valid levy of the writ of attachment upon the logs and timber upon which the lien is claimed is essential to vest the court with jurisdiction to proceed to judgment. Scott & Holston Lumber Co. v. Sharvy, 62 Minn. 528, 64 N. W. 1132. It is also true that the proceedings taken in the action must conform substantially to the requirements of the statute. So that, if no valid levy was made, as disclosed by the sheriff's return to the writ, the motion to vacate the attachment should have been granted. A careful consideration of the several points made by defendant in support of the contention that no valid levy was made leads to the conclusion that the objections are not substantial,

and were properly held by the trial court as not fatal to the juris-
diction of the court.

1. The sheriff, according to the return, attached and levied upon
all the "right, title, and interest" of the defendants in and to the
logs and timber referred to in the writ, but did not in the return
recite that defendants, or either of them, had any right or title to
the same.   While the statute contemplates, and perhaps required, a
levy upon the property specifically as such, it seems clear that the
return sufficiently indicates such a levy.   Every officer is presumed
to do his duty, and in the absence of a showing to the contrary the
court will presume that he complied with the law, and in the instant
case that he did all that the statute required, and all that was neces-
sary to constitute a valid levy thereunder.   4 Cyc. 615.   The fact
that the title and interest of defendants only appear to have been
attached is not fatal to the return.   Nor was it necessary that the
sheriff indicate by the return the extent of the interest he thus as-
sumed to take under the writ.

This form of expressing a levy upon property, either under exe-
cution or attachment, is frequently employed, the reasonable infer-
ence of which, from a legal standpoint, is that the property itself
was levied upon by the officer.   We hold it sufficient.   Millett v.
Blake, 81 Me. 531, 18 Atl. 293, 10 Am. St. 275; Woodward v. Sart-
well, 129 Mass. 210; Murfree, Sheriffs, § 564.

The precise question here involved was not presented in Brown
v. Markham, 60 Minn. 233, 62 N. W. 123, 30 L.R.A. 84.   In that
case a levy upon the timber was followed in the return by the recital
that all the right, title, and interest of defendant had also been levied
upon.   This the court rejected as surplusage, and it was held an
irregularity not affecting the jurisdiction of the court.

The statute requires the officer in his return to describe the prop-
erty attached and state the quantity taken, and it is contended that
there was a failure of compliance with this requirement, in that the
return does not state the quantity of property the sheriff seized.   The
return may perhaps be defective in this respect.   But we are clear
that the defect is not fatal to the jurisdiction of the court.   The
statement of the number of logs, ties, or poles, as the case may be,

would seem to answer every purpose of the statute. At any rate, we hold that the failure more particularly to state the quantity levied upon was wholly without prejudice to defendants, and not fatal to the sufficiency of the return. Breault v. Merrill & Ring Lumber Co. 72 Minn. 143, 75 N. W. 122; Thompson v. Eastburn, 16 N. J. L. 100.

2. The further point that the sheriff failed to file with the surveyor of logs and lumber a full and true copy of the return requires no special mention. If a portion of the property shown by the return to have been levied upon was not included in the officer's return as filed with the surveyor, as to that part of the property the statutes were not complied with, and the most that defendant could claim would be its exclusion from the judgment, if one is rendered for plaintiff. We do not, however, decide that the failure to file a true copy of the return would be fatal to the jurisdiction of the court over the omitted property, where the property omitted from the return was in fact attached. The question is not presented.

3. The return of the sheriff does not distinctly state that the property levied upon was within St. Louis county, wherein the action was brought, or otherwise definitely locate it. The presumption is that the property was within the jurisdiction of the sheriff, within the county of which he was sheriff, and that the service was made therein. Guarantee v. First National, 95 Va. 480, 28 S. E. 909; Horton v. Monroe, 98 Mich. 195, 57 N. W. 109.

Considerable is said in the briefs of counsel upon the question of the merits of plaintiff's alleged liens, based upon the assertion of facts not appearing in the record, which we do not consider. The record presents the questions decided, and those questions only, and we deem it improper to consider or determine any other feature of the case, in the absence of the facts as they may be developed on the trial. All we decide is that the sheriff's return prima facie vests the court with jurisdiction of the action.

Orders affirmed.