BALFOUR H. VAN VLECK, Appellant, v. CHARLENA VAN VLECK ANDERSON ET AL., Appellees.

**Abatement of actions:** PRIOR SUIT: IDENTITY OF PARTIES AND ISSUES.
1   The pendency of an action between the same parties and involving the same issues will, when pleaded, operate to abate a subsequent suit; and it is not essential that the parties be the same in the sense that the plaintiffs and defendants are identical, or that the prior action involves issues and seeks relief not pleaded and sought in the latter.

**Same.** Where the merits of a controversy involving the settlement
2   of an estate cannot be determined except upon giving construction to a paragraph of the will, a subsequent action between the same parties to construe the same paragraph will be abated on a plea of a prior action pending.

*Appeal from Plymouth District Court.*— HON. JOHN F. OLIVER, Judge.

TUESDAY, NOVEMBER 19, 1907.

ACTION in equity to construe a will. The defendants pleaded in abatement another action pending. On trial the plea was sustained, and from a judgment dismissing his petition, and for costs, plaintiff appeals.— *Affirmed.*

*Struble & Struble,* for appellant.

*McDuffie & Keenan,* for appellees.

BISHOP, J.— This action was commenced on December 16, 1905.  The plaintiff and the defendant Charlena Anderson are brother and sister, children of Louisa Van Vleck. The other defendants are the two sons of Charlena, both of whom have attained to the age of majority.  The petition alleges the death of Louisa Van Vleck in the year 1897, and that she died testate and seised of certain real estate described and some personal property.  The instrument of will is set forth, and the probate thereof in the district court of Plymouth county alleged.  The will bears date January, 1878, and according thereto one-half of the estate, both real and personal, is bequeathed to plaintiff, Balfour Van Vleck. Following a minor bequest to Charlena, there is, then, this provision:

(4)  I devise and bequeath to my executors (Balfour Van Vleck and B. M. Gurnee) all the rest, residue and remainder of my property, to be held in trust and used for the purpose as follows, to-wit:  The same to be productively invested in good real estate security, and interest to be paid annually to my said daughter Charlena during her lifetime, and in case it shall appear to the satisfaction of my said executors and trustees that a portion or all of the principal shall be needed for the support of my said daughter, or for the support and education of her children, then in that case they are hereby authorized to use the part or all the principal for the purpose aforesaid.  At the death of my said daughter, then the said bequest to go to her children; but if my said daughter shall die without leaving issue, then in that case the said remaining property to go to my son Balfour H. Van Vleck.

It is then alleged that the real estate of which said Louisa died seised still remains undisposed of, and that defendants have commenced an action in said court praying

an accounting as to personal property and for a decree giving them title as of absolute ownership to an undivided one-half of all said real estate, regardless of the terms of said will. This allegation then follows: " That defendants are now asserting and claiming that the true construction of the fourth paragraph of said will is to the effect that it was the intention of the testator that the real estate that might be owned by her at the time of her decease would remain in that form of investment and not be converted into money and the same invested in real estate securities as provided by the fourth paragraph of said will, and are further claiming that said defendants are entitled to an absolute ownership of the undivided one-half of said real estate, and to have the management and control thereof." Continuing, it is said that, in view of such claims, construction of the fourth paragraph of the will should be had. Plaintiff describes himself as a remainderman under the provisions of the will, and construction of said paragraph is prayed. The defendants appeared, and on May 23, 1906, answered, setting up among other things and by way of plea in abatement that before the commencement of this action an action had been begun and was pending and undetermined in said court in which the parties were the same, and involving the same issues as in this action.

Trial of the present action was had on May 26, 1906, and the evidence offered and introduced consisted solely of the pleadings in the alleged former action. The petition in that action was filed November 14, 1905, and shows the parties to be Charlena Anderson and her two sons, plaintiffs, and Balfour Van Vleck and B. M. Gurnee, defendants. The death of Louisa Van Vleck testate is alleged, and that she died seised of real estate (being that described in the petition in the present action) and of considerable personal property. The will is set forth at length, and the probate thereof alleged. It is then alleged that at the date of the execution of said will Louisa Van Vleck resided in

Wisconsin, and that at the time all her property consisted of moneys and credits; that in the year 1894 she (Louisa) came to Iowa and made purchase of the real estate in question, and that thereafter she continued to operate the same as a farm down to the time of her death; and it is said that the investment in said lands was made in the belief entertained by decedent that greater returns and profits could be derived therefrom than from moneys loaned, and was intended to be permanent, and that such intention was well known to defendants.  The allegation follows that it was the duty of defendants to take possession of said real estate under the fourth paragraph of the will, and to lease or manage the same, securing a fair rental, and to pay the same to plaintiff Charlena the amount thereof annually, " or to deliver to her the immediate possession of said real estate."

Respecting the personal property it is alleged that it was the duty of defendant to invest the same, paying Charlena the interest annually during her life, and, after her death, the principal sum to her children.  The charge is then made that defendants, in disregard of their duties, entered upon a scheme to defraud and deprive plaintiffs of their interest in the devised property; that defendant Balfour Van Vleck persuaded plaintiff Charlena that it was competent for them, acting together, to disregard the provisions of the fourth paragraph of the will, and to fix the extent of the interests of all the plaintiffs in the property, and that by fraud he procured her to convey to him, in consideration of a nominal sum, represented by a note, the undivided one-half of the real and personal property; that said Balfour has taken possession of all said real estate, and claims to be the sole owner thereof in fee; that he has converted all the personal property to his own use.  The conclusion is then alleged that there was no power in said Balfour and said Charlena to make said agreement and conveyance; that, if the agreement is permitted to stand, the same will operate to defeat the intention of the decedent as ex-

pressed in the fourth paragraph of her will, and it should therefore be annulled and set aside. The prayer is for cancellation of the conveyance, for an accounting as to the personal property and the rents and profits of the real estate, and for judgment for the amount found due plaintiff; further, that title to the real estate be quieted in plaintiffs, that defendants be removed as trustees, and a suitable person appointed in their stead to carry out the provisions of the will, and for general relief. Before the beginning of the trial of the instant case, but on the same day, the said petition in the former action was amended by adding to the prayer thereof a demand in terms that the court construe the fourth provision of the will, to the end that the rights and interests of the parties may be ascertained and enforced; and such amendment was also introduced in evidence.

The answers filed to such former petition were separate. Reading the same, Van Vleck denies that he was ever confirmed as an executor of his mother's estate, and says that in his place one Dalton was appointed, who, with Gurnee, qualified. He says that neither himself nor Gurnee were ever qualified as trustees under the fourth provision of the will. He admits the allegations of the petition as to the circumstances under which the real estate was purchased by his mother, but denies the intention ascribed to her to make her purchase a permanent investment. The condition of the property and estate at the time of the conveyance made to him by his sister — which conveyance is admitted — is pleaded, and he admits that he is in possession of all such property. He denies all fraud, and says that at the time of such conveyance to him it was believed by both parties thereto that they had a right to agree upon a disposition of the property; that he has since been advised, however, that his sister did not have power to convey the fee of the real estate.

Responding to the demand for an accounting, and for a decree quieting title, he pleads that plaintiffs have no rights

except such as arise under the fourth paragraph of the will, and that under such paragraph the accounting, if one shall be had, should be with duly authorized trustees, and title should be quieted, in such trustees, and not in plaintiffs; and it is said that in the agreement under which the conveyance was made to him, and his note given to his sister, the sum represented by said note was "the sum which in right and equity should stand as the principal sum on which during the life of Mrs. Anderson the defendant should pay interest to the trustees, and said defendant asks that it be so ordered and decreed, and that said note shall not be collectible according to its terms, but on the death of Mrs. Anderson it shall be canceled as null and void." The prayer is for a dismissal of the action, but, if this may not be had, that there be an accounting, and that the property found in the hands of the parties be ordered turned over to trustees, and that, if title be ordered quieted, it shall be in such trustees. The answer of Gurnee does not differ materially in its fact allegations from that of his codefendant, and his prayer is that he be dismissed.

We think that the conclusion reached by the court below for merit in the plea presented by defendants was correct, and hence should be approved. That the pendency of a

1. ABATEMENT OF ACTIONS: prior suit: identity of parties and issues.

prior suit, on being pleaded, will be given effect to abate a suit subsequently brought, where the parties are the same, the issues growing out of the same state of facts are identical, and the relief prayed for is the same, is hornbook law. It is not always necessary, as counsel for appellant seem to think, that the parties must be the same, in the sense that the same person or persons are plaintiffs in each of the cases. The general rule is as contended for, but there are several well-recognized exceptions. Thus, where partition of real estate is desired, and suit is brought by one co-owner against the other, it must be manifest that a cross-suit, with the parties reversed, to accomplish the same purpose, should not be

tolerated. *Pratt v. Howard,* 109 Iowa, 504; *Guinn v. Elliott,* 123 Iowa, 179. And, clearly enough, the principle is applicable where successive actions are brought to construe a will. Nor can it be material that in the prior action facts are alleged and relief asked additional to that appearing in the petition in the subsequent action. If the relief sought for in the latter action is obtainable under the issues in the former action, so that judgment in the one could be pleaded in bar of the other, an abatement should follow. 1 Cyc. 28, and notes.

Now, as we read, a construction of the fourth paragraph of the will is necessarily involved in the first action. Mrs. Anderson is there claiming a life interest in the estate of

2. SAME.

her mother, real and personal, which she says is being withheld from her, and she prays an accounting and for such relief as it may appear she is entitled to on the facts being made to appear. The petition variously challenges a construction of the will, and it would seem that the exciting cause of the subsequent action was the contention presented in that pleading respecting the proper manner of the execution of the fourth paragraph. Now, the merit of the contentions — and it is immaterial to present purposes whether much or none — could not be decided, except upon giving construction to the paragraph. Without this the court could not pass upon the demand of Mrs. Anderson that an accounting be had as to rents and profits, and that the real estate should be held with right in her to future rents and profits; nor could it pass upon the demand of the sons that title in the undivided one-half of the real estate be quieted in them. And these matters not only plaintiffs, but the defendant in his answer, in that action, asked the court to pass upon. And the will being construed to mean that the property must be sold and the proceeds invested, with the interest payable to Mrs. Anderson, and on her death the principal to the remaindermen, or, on the other hand, it being construed to permit to the retention of the real estate, and

the payment of rents and profits in lieu of interest on the value, every advantage sought by the subsequent action would have been subserved.

It follows that the judgment must be, and it is, *affirmed.*