# DISBROW MANUFACTURING COMPANY v. CREAMERY PACKAGE MANUFACTURING COMPANY and Another.[1]

October 20, 1911.

Nos. 17,270, 17,271—(74, 75).

**Plea in abatement — former action pending.**

The pendency of a former action may be pleaded in abatement to a second action between the same parties, when both actions involve the same subject-matter and cause of action; and a judgment in the first would conclude all the parties upon the principal issue in the case, though all the issues in the former be not presented in the subsequent action.

Action in the district court for Steele county upon three causes of action to recover $100,000, $2,921.50 and $400 respectively upon a certain contract. The answers pleaded the pendency of a former action in the same court and between the same parties. From an order, Childress, J., sustaining a demurrer to defendant's amended second defense to plaintiff's first cause of action, defendants appealed. Reversed.

*W. A. Sperry,* for appellant Owatonna Manufacturing Co.

*Cohen, Atwater & Shaw,* for appellant Creamery Package Manufacturing Co.

*J. A. & A. W. Sawyer,* for respondent.

BROWN, J.

Defendants separately pleaded in defense to plaintiff's first cause of action the pendency of a former action between the same parties, and appealed from an order sustaining plaintiff's general demurrer thereto.

The facts, so far as essential to an understanding of the question presented, are, without unnecessary detail, as follows: One Reuben Disbrow was the owner of, or claimed to own, certain patents and patent rights, some of which he had assigned to others. They all

[1] Reported in 132 N. W. 913.

concerned and centered around patented churns or combined churns and butter workers discovered and invented by him. A controversy arose between Disbrow and the defendants, relative to the right to manufacture and sell churns and butter workers covered by the patents; the controversy arising from a dispute concerning transactions theretofore had between the parties, and alleged infringements of rights granted under certain contracts. In settlement and adjustment of all these disputes and controversies, Disbrow and his associates, the Disbrow Manufacturing Company, a corporation and plaintiff in this action, the Creamery Package Company and the Owatonna Manufacturing Company, both corporations and defendants herein, entered into certain written agreements by the terms of which, so far as here material, Disbrow assigned and transferred to defendant Owatonna Company all his rights and interests in and to all patents and patent rights theretofore or thereafter to be acquired by him, in consideration that said company should continue the manufacture of all churns covered by the patents, and deliver the same to the Package Company, which by the agreement was made the sole agent for the sale thereof, and to pay certain specified royalties to the Disbrow Company for each churn manufactured and sold. The Package Company joined in the agreement, and was a party to the several obligations thereby created and imposed. Disbrow, who thus assigned his rights to the Owatonna Company, was then interested as a stockholder in the Disbrow Company, and was president thereof. Upon the completion of the settlement and the due execution of the contracts, defendants commenced performance thereof, in so far as they were obligated to manufacture and sell the churns. Disbrow subsequently disposed of his interests in the Disbrow Company, and was not a member of that corporation at any of the times hereinafter to be mentioned. Thereafter Disbrow brought an action against these defendants, in which he sought to set aside and have canceled the contract of settlement, and for other relief, on the ground that he was induced to enter into the same by fraud and misrepresentation.

The facts relied upon were fully pleaded, and copies of the contracts of which the settlement was composed were attached to and

made a part of the complaint. In addition to praying for a cancellation of the contract, plaintiff demanded an accounting and a recovery of all profits made by defendants in the manufacture and sale of the churns, and also $350,000 damages for the fraud practiced upon him. Defendants demurred to the complaint, specifying as ground thereof that there was a defect of parties. The trial court sustained the demurrer, and its order in the premises was affirmed on appeal to this court. Disbrow v. Creamery Package Mnfg. Co. 104 Minn. 17, 115 N. W. 751.

The holding of this court was that, since the Disbrow Manufacturing Company was a party to the contract of settlement, had parted with certain rights in consideration of the provisions thereof, and was to be paid certain specified royalties upon churns thereafter manufactured, it was not only a proper, but necessary, party to the action. The court adopted the views expressed in the case of Shields v. Barrow, 17 How. 130, 15 L. ed. 158, to the effect that, in an action to rescind a contract, "if only a part of those interested [therein] are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them, while it is set aside, and the contracting parties restored to their former condition, as to the others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent; otherwise the latter are indispensable parties." In the opinion of Justice Jaggard on that appeal, it was in effect held that the rights and interests of the parties to this contract were not separable, but that the obligations thereof, taking the contract as an entirety, were mutual and reciprocal; that if the contract fell as to one it must necessarily fall as to all. We discover no reason for departing from that decision.

After the cause was remanded to the court below, the Disbrow Company was formally made a party defendant in the action, it having refused to join with plaintiff therein, and was thus afforded an opportunity to protect in that litigation its here asserted demand that the contract be enforced. The company, however, failed to appear in the action, which is still pending and undetermined. The

Disbrow Company thereafter brought this action, affirming the contract and demanding judgment for the royalties therein agreed to be paid. Defendants pleaded the former action in abatement, and the question presented is whether the plea should be sustained.

Much has been written upon the subject involved, and the authorities are not entirely harmonious upon the question when the pendency of a former action between the same parties will abate one subsequently brought. It is often said that the causes of action involved in the two suits must be identical and the relief demanded the same. 3 Am. & Eng. Enc. L. & Pr. 1218. But the ultimate inquiry seems to be whether a judgment in the first, if one be rendered, would be conclusive upon the parties, in respect to the matters involved in the second action. If so, a plea in abatement should be sustained. We limit our inquiry in the case at bar to that question.

The subject-matter of both actions is the contract of settlement already referred to. All the parties in both actions were parties to that contract, the terms and provisions of which imposed upon each certain obligations, and required the surrender of certain rights. All of which were mutual and reciprocal, and jointly, not severally, as urged by plaintiff's counsel, obligated the parties to its performance. If set aside as to one of the parties, necessarily all would be relieved from further performance of its stipulations. Disbrow assigned his rights to the Owatonna Company on the agreement of that company to manufacture the churns and pay to the Disbrow Company the specified royalties. A rescission or cancelation of the contract as to Disbrow would restore to him all rights parted with, and at the same time deprive the Owatonna Company of the right to manufacture the churns under the patents. In other words, a cancelation of the contract as to one of the parties would result in the restoration of all to their situation and rights prior to its execution, because of the joint and mutual nature of the undertakings which induced and brought about the agreement. In the former action, Disbrow demanded a cancelation of the contract as to himself, and that he recover damages for the fraud alleged to have been perpetrated upon him in securing his assent thereto. The Disbrow Com-

pany affirms the contract, and insists that it be performed by defendants.

If the other action proceeds to trial, the issue between the parties will be the question whether the contract shall or shall not be canceled. A judgment therein would bind and conclude all the parties; for they are there afforded an opportunity to be heard, and are given their day in court. The plaintiff is a party to that action, and if it permits a judgment therein, canceling the contract as to Disbrow, it thereby permits a judgment which will in force and effect release all parties from further compliance with the obligations imposed upon them, and thereby conclude its alleged cause of action in the case at bar. Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263; Breault v. Merrill & Ring Lumber Co. 72 Minn. 143, 75 N. W. 122; 23 Cyc. 1239.

It is unnecessary to go beyond this view of the case, and whether it comes within the language of the rule in such cases as technically expressed in the books, the fact that a recovery in the former suit will finally determine the principal issue in both actions, the present action should be abated. Defendant should not be subjected to a cross fire, and exposed to a possible double liability. It is not essential that the same specific relief be demanded in each action. It is sufficient that the subject-matter of the actions are the same. Haas v. Righeimer, 220 Ill. 193, 77 N. E. 69; Van Vleck v. Anderson, 136 Iowa, 366, 113 N. W. 853.

We are not to be understood as holding that the plaintiff could be compelled to interpose in the former action its claim to royalties. Its rights in that respect are separable from the question whether the contract as a whole shall stand or fall. Nor do we decide that such claim could not be there presented by a cross-complaint.

It is unnecessary to consider the other questions raised by appellants.

Orders reversed.