EMIL DETTENBORN *vs.* THE HARTFORD-NATIONAL BANK AND TRUST COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 14th—decided May 14th, 1936.

*William J. Galvin,* with whom was *A. S. Albrecht,* and, on the brief, *Milton H. Richman,* for the appellant (plaintiff).

*Willis G. Parsons,* with whom was *Charles Welles Gross,* for the appellee (defendant).

MALTBIE, C. J.   The complaint in brief alleges that in 1923 a trust fund was created by the will of Margaret Ott of which the defendant has been trustee for

some years; that the fund was payable in cash to the plaintiff when he should reach the age of twenty-one, which occurred in November, 1935; that the defendant had refused, on demand, to pay the fund to the plaintiff and has been guilty of various breaches of the trust, principally in the method of investing it; and the relief claimed is an accounting by the defendant and damages. The defendant filed a plea in abatement in which it is alleged that immediately after the plaintiff became twenty-one, it prepared and filed in the Court of Probate its final account of its administration of the trust; that before this action was brought the Court of Probate assigned a day for hearing upon the account, of which notice was given to the plaintiff and defendants; that the hearing was adjourned for a few days and pending that adjournment this action was brought; that when the time set for hearing came the plaintiff objected to the Court of Probate proceeding with the matter because of the pendency of the present action; and that thereupon the Court of Probate made a further adjournment pending a determination of the question whether this action had precedence over the proceedings before it. The plaintiff demurred to the plea and from the overruling of that demurrer has appealed.

The Court of Probate is given, by statute, jurisdiction over the annual and final accounts of testamentary trustees, and it is provided that upon the allowance of a final account after notice and hearing the court "shall determine the rights of trustees and of parties interested in such a trust estate, subject to appeal as in other cases." General Statutes, §§ 4972, 4973. Upon the allowance of the final account the Court of Probate may direct the trustee to deliver the fund in its hands to the person entitled thereto. General Statutes, § 4828. The statute specifically requires

trustees of testamentary trusts to file annual accounts and imposes upon Courts of Probate the duty of directing this to be done; General Statutes, § 4973; and while there is no such express provision as to final accounts, it is implicit in the statutory provisions governing the matter. When a testamentary trustee has filed his final account in a Court of Probate, it is within the power, and is the duty, of that court to determine all issues involved in the ascertainment of the money or property that the trustee is bound in the law to pay or deliver to the person entitled to receive the fund. Thus, in the ordinary case where a trustee is found to have made improper investments, it would be the duty of the Court of Probate to refuse to allow the account until it has been corrected so as to show that the trustee is holding for the beneficiary all that the latter is entitled to receive, under the usual rules as to relief where the trustee has been guilty of misconduct; and for that purpose the court would have the power to apply the appropriate principles of law or equity necessary for the accomplishment of such a result. *Culver* v. *Union & New Haven Trust Co.*, 120 Conn. 97, 102, 179 Atl. 487; *DeLadson* v. *Crawford,* 93 Conn. 403, 405, 106 Atl. 326. The plaintiff in his present complaint seeks an accounting and money damages. In so far as the prayer for an accounting is concerned, he is seeking in the Superior Court the very relief which the statutes make it the duty of the Court of Probate to afford him and the claims he makes as to breaches of the trust by the trustee are such as could properly and adequately be determined in the Court of Probate. The jurisdiction of Courts of Probate to pass upon the accounts of a testamentary trustee is not, however, exclusive, and courts of general jurisdiction may entertain actions against trustees for breaches of their duty, the jurisdiction of the two courts being

concurrent. *Preston* v. *Preston,* 102 Conn. 96, 121, 128 Atl. 292; *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 190, 132 Atl. 902.

"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." This is "a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." *Hatch* v. *Spofford,* 22 Conn. 485, 494; *Cahill* v. *Cahill,* 76 Conn. 542, 547, 57 Atl. 284. It is said, however, to be the general rule that the principle does not apply unless the same plaintiff brings both actions and the pendency of an action does not prevent the defendant in it from bringing a cross-suit involving the same issues. 1 C. J. p. 82. An examination of the decisions suggests that there is a growing tendency to depart from this rule; *Disbrow Mfg. Co.* v. *Creamery Package Mfg. Co.,* 115 Minn. 434, 438, 132 N. W. 913; *State ex rel. Green Mountain Lumber Co.* v. *Superior Court,* 145 Wash. 532, 540, 261 Pac. 97; *Emry* v. *Chappell,* 148 N. C. 327, 330, 62 S. E. 411; *Van Vleck* v. *Anderson,* 136 Iowa, 366, 371, 113 N. W. 853; a tendency due perhaps to an increased appreciation of the fact that the public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts. See *Welles* v. *Rhodes,* 59 Conn. 498, 503, 22 Atl. 286. Moreover, the requirement that the plaintiff shall be the same in both actions has been held not applicable in situations quite analogous to the one before us where both parties in the first action may be regarded as actors. *Coubrough* v. *Adams,* 70 Cal. 374, 379, 11 Pac. 634; 1. C. J. p. 82.

But the rule that the pendency of one action is ground to abate another between the same parties and involving the same issues is not with us one of unbending rigor and will not be applied when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682, 136 Atl. 586. As applied, at least where, as here, the plaintiff in the second action has not himself instituted the earlier proceeding, this means that the plaintiff is not to be deprived of any substantial right which the law gives him as incident to the determination of the issues or the direct and speedy collection of his debt. To hold that where a trustee has filed his account in the Court of Probate and asked its allowance, the beneficiary, although cited into those proceedings, cannot thereafter bring an action in the Superior Court to recover damages for claimed breaches of trust by the trustee would necessarily narrow and restrict the beneficiary's rights to enforce the collection of the amount due him. An action by a beneficiary claiming damages from a trustee for his breach of duty in refusing to pay or deliver the trust fund or in the making of improper investments is one at law, triable by jury; *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 447, 155 Atl. 628; but no jury trial is permitted either in the Court of Probate or in the Superior Court upon an appeal from a probate decree involving such issues. *Slattery* v. *Woodin,* 90 Conn. 48, 49, 96 Atl. 178. In the Superior Court the plaintiff might attach the property of the defendant, but no such right is incident to the probate proceedings, and while they are pending a defaulting trustee would have opportunity to rid himself of his attachable property if so disposed. The probate proceedings could at most result in a determination of the money or property due the beneficiary,

but, if the trustee fails to pay or deliver in accordance with the decree, the beneficiary would then be forced to an action against him or upon his bond, with all the delay consequent thereon. To deny to a beneficiary in such a situation as the one before us the right to prosecute an action in the ordinary courts because of the pendency of the probate proceedings would be to deprive him of rights and advantages in the enforcement of his claim which the law intends that he should have, and, at least where he has not instituted the probate proceedings, their pendency cannot be permitted to deprive him of the right to bring an ordinary court action. The trial court should not have sustained the plea in abatement.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.