## KIMBALL et al. v. NEW ENGLAND TRUST CO.

### Civil Action No. 5113.

District Court, D. Massachusetts.

Sept. 27, 1946.

Russell J. Coffin, John L. Hall, and Claude R. Branch, all of Boston, Mass., for plaintiff.

Robert G. Dodge and Richard J. Kerry, both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action by beneficiaries under the will of Marcus Morton Kimball, who died domiciled in Pomfret, Connecticut, in November, 1939, against the New England Trust Company, a Massachusetts corporation, executor and trustee under the will. The plaintiffs are residents of the United Kingdom and are British subjects. The amount in controversy exceeds $3000 exclusive of interest and costs.

The plaintiffs are the two sons of the testator, Day Kimball and Lawrence Kimball, who are entitled to life interests in the income of the trust and the two children of Lawrence Kimball who have the remainder interest, subject to the exercise of other persons of general powers of appointment by deed or will.

The complaint seeks to establish liability on the part of the defendant as executor of the will and trustee thereunder on the following grounds: (1) That the defendant as executor, and later as trustee, sold certain securities "improvidently and imprudently" occasioning a loss both of income and principal to the estate and the plaintiffs, as beneficiaries under the will, in an amount exceeding $100,000; (2) that the defendant paid itself, without right, the sum of $3632.61 as compensation as trustee; (3) that the defendant failed to add to the capital of the trust, as required by the law of Connecticut, the amount of $9643, constituting income on that part of the estate which was used to pay debts, legacies, and the expenses of administration; and (4) that the defendant

wrongfully reported to the beneficiaries of the trust, as income, amounts distributed to them which constituted the income of the estate during the period of administration. The complaint alleges that under Connecticut law this amount should properly have been distributed as a legacy and not as income; that as a result of the wrongful designation of the amount as income, the plaintiffs who received these amounts were required to pay a large proportion thereof to the United Kingdom as income tax, whereas if it had been properly added to the corpus of the trust estate, it would have been exempt from the tax as a legacy. This loss was alleged to have amounted to "more than $42,000."

The defendant has filed (1) a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted and because the court lacks jurisdiction over the subject matter, and (2) a motion for summary judgment on the ground of want of jurisdiction over the subject matter.

In support of its latter motion, the defendant has filed an affidavit which includes copies of the first and final account of the executor, the decree of the Connecticut Probate Court of September 30, 1942, allowing this account, the first account of the trustee, and the decree of the court of July 28, 1943, allowing this account. A supplementary affidavit shows that the minor plaintiffs on June 25, 1946, have filed appeals to the Superior Court of Connecticut from the two decrees. These appeals are timely under the Connecticut statutes and raise, for the most part, the same points as are involved in the present action.

The plaintiffs filed an affidavit setting forth that all the securities of the Kimball estate were in Boston at the time of the decedent's death, that they remained there at the office of the defendant at all times since except when sent out for transfer purposes, that the defendant as executor and trustee has handled all matters dealing with its duties as such from its office in Boston, and that the only acts performed by the defendant in Connecticut were presenting the will for allowance, collecting assets of personal property of slight value, and filing accounts in the probate court.

### Motion to Dismiss.

The defendant has not pressed the first ground in its motion to dismiss, i.e., that the complaint fails to state a claim upon which relief can be granted, and we pass this point. It does press its second ground in the motion, i.e., that on the face of the complaint this court lacks jurisdiction over the subject matter. It argues the matters involved are purely of Connecticut probate law and are exclusively within the jurisdiction of the Connecticut Probate Court, relying heavily on Kittredge v. Stevens, 1 Cir., 126 F.2d 263. The Kittredge case involved a "complaint for accounting" against the administrators and trustee of a certain estate "in their individual capacities" and sought an order for payment of the amounts due. The court in the Kittredge case relying on the case of Princess Lida of Thurn and Taxis et al. v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285, affirmed the order of the District Court dismissing the complaint and stated (126 F.2d page 267): "If the issues presented by the complainant involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction. * * *." The defendant argues that these cases and cases cited by them are conclusive here. I cannot agree.

The Kittredge case in the last analysis was governed by Massachusetts law; the Princess Lida case by Pennsylvania law. In the Massachusetts courts of general jurisdiction a suit similar to that in the Kittredge case would not be entertained. The result reached there appears to be correct. Moyer v. Bray, 227 Mass. 303, 116 N.E. 511; Allen et al. v. Hunt, 213 Mass. 276, 100 N.E. 552; Greene v. Brown, 180 Mass. 308, 62 N.E. 374; Green et al. v. Gaskill et al., 175 Mass. 265, 56 N.E. 560. In the Princess Lida case the common pleas court where the trustees' account was filed had *exclusive* jurisdiction of the controversy, i.e., administration and restoration of the corpus of the estate. It also involved the filing of accounts by trustees and sought their removal and the court

regarded the suit as a proceeding in rem, or quasi in rem, under Pennsylvania law and not one where a strictly personal judgment was sought. 305 U.S. page 467, 59 S.Ct. 275, 83 L.Ed 285.

In the present case we are confronted with a situation that demands the application of Connecticut law. Under Connecticut law (cf. Farrell v. O'Brien, 199 U.S. 89, 110, 25 S.Ct. 727, 50 L.Ed 101), an action for an accounting for trust funds and damages may be brought in the superior court of that state despite the pendency of an account in the probate court. Dettenborn v. Hartford-National Bank and Trust Co., 121 Conn. 388, 185 A. 82. The Supreme Court of Errors in Connecticut in the Dettenborn case held that the jurisdiction of courts of probate to pass upon the accounts of a testamentary trustee is not exclusive and courts of general jurisdiction can entertain a suit against trustees for breaches of their duty, the jurisdiction of the two courts being concurrent. Id., 121 Conn. page 391, 185 A. 82. Since the Connecticut Superior Court, a court of general jurisdiction, would entertain a suit such as we have here, it follows that this court, following Connecticut law, should also take jurisdiction. Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; cf. Farrell v. O'Brien, supra, 199 U.S. page 110, 25 S.Ct. 727, 50 L.Ed. 101; Palmer v. Palmer et al., D.C., 31 F. Supp. 861, 865.

The motion to dismiss is denied.

Motion for Summary Judgment.

As seen above the affidavits of the defendant reflect that the Connecticut Probate Court in 1942 and 1943 entered decrees allowing final accounts of the defendant as executor and trustee. The defendant contends that in view of Sec. 4769 of the Connecticut General Statutes (1943 Supp. Sec. 646g)* these decrees cannot be attacked collaterally except for fraud, and

the only relief that can now be obtained is by the minor plaintiffs on their appeal to the Superior Court of Connecticut. It is true that in Connecticut relief from probate decrees must be obtained in the superior court on appeal (Sec. 4990, Gen.Stat. of Connecticut, 1930 Rev.), but in the present action the plaintiffs are not seeking relief from a decree by way of appeal. Here the decrees were not final, the matter is still pending, and there is nothing in Sec. 4769, cited above, that precludes relief from decrees in a collateral suit where an appeal has been taken. Where no appeal has been taken from the decree of the court of probate, the decree cannot be attacked collaterally, except for fraud (Sec. 4769, Sec. 646g, 1943 Supp.), and the allowance of the account would be determinative of rights as between the trustee and his estate and the beneficiaries and other parties interested. Connecticut Gen. Stat., Sec. 4972; State ex rel. Beardsley et al. v. London & Lancashire Indemnity Co. of America, 124 Conn. 416, 422, 200 A. 567.

It would seem that under the broad doctrine of the Dettenborn case as it now stands (cf. Beardsley case, supra, 124 Conn. page 423, 200 A. 567), a court of general jurisdiction would take cognizance of independent suits inter partes in cases involving a breach of duty where the action is still pending on appeal or where it is plain, even in the face of final decrees not appealed from, no issue was raised, litigated, or considered in the court of probate, concerning the breaches of duty. Beardsley case, supra. If Connecticut would take jurisdiction, then, under the doctrine of the Farrell and Sutton cases, cited above, this court should take jurisdiction of the present action. Cf. Palmer v. Palmer, supra, 31 F.Supp. page 865.

An added ground for denying the defendant's motions with respect to the fourth claim of the plaintiffs, viz., wrong-

---

* *Validity of orders, judgments and decrees*

Every order or decree of a court of probate made by a judge who is disqualified shall be valid unless an appeal is taken therefrom, as hereinafter specified. All proper orders, judgments and decrees of courts of probate, rendered after due notice *and from which no appeal is taken,* shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud. (Emphasis mine.)

ful designation of income resulting in an alleged tax loss to the beneficiaries of the trust, is that this claim seemingly is not one that was or could be litigated in the Connecticut Probate Court.

The motion for summary judgment is also denied.