Carl Roessler *v.* The Connecticut National Bank

Superior Court     Fairfield County     File No. 164568
AT Bridgeport

Memorandum filed May 31, 1977

*Dupont, Tobin & Williams,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* special appearance, for the defendant.

Mulvey, J. The plaintiff, an income beneficiary and remainderman of a trust, has brought this action against the defendant trustee, alleging that certain investments made by the trustee were improper and requesting, inter alia, a declaratory judgment, an accounting and money damages. The defendant has filed a plea in abatement claiming that this court has no jurisdiction over this action for two reasons: first, that there is an accounting proceeding pending in the Probate Court for the district of New Haven where the same parties and issues are involved; and, second, that the plaintiff has "no present claim against this defendant."

The defendant's second claim may be dealt with summarily. In so far as it purports to claim that the plaintiff's action is premature, such a claim, if true, would not impair the jurisdiction of the court. It is more properly the subject of a demurrer. See *Hill* v. *Wright,* 128 Conn. 12.

The defendant's argument that the proceeding before the Probate Court is a pending action requiring the abatement of this action is a position of different caliber. The defendant attempts to distinguish the facts in the present case from those of *Dettenborn* v. *Hartford National Bank & Trust Co.,* 121 Conn. 388. In *Dettenborn,* the plaintiff brought an action in the Superior Court for an accounting and damages. The plaintiff was the beneficiary of a trust fund payable in cash to him when he reached the age of twenty-one. He alleged that the defendant had refused to pay the sum due him and that the defendant had been guilty of various breaches of the trust, principally in the method of investing it. The court held (p. 394) that the general rule requiring abatement of an action because of a pending prior action will not be applied when to do so would deprive a beneficiary of "rights and advantages in the enforcement of his claim which the law intends that he should have."

The defendant claims that the present case is distinguishable from *Dettenborn* because in that case a final account in the Probate Court had been submitted prior to distribution of funds to the beneficiary. Thus, the defendant claims, the plaintiff in *Dettenborn* was a creditor of the trust when he instituted his action, whereas here the plaintiff is not now a creditor of the trust and does not claim that the trustee had wrongfully refused to pay trust funds to him.

The defendant would have this court give an unduly restrictive construction to the language of the court in *Dettenborn*. Although there is language in that opinion which indicates that the court accorded substantial weight to the fact that *Dettenborn* was a "creditor" of the trust, several considerations mitigate against the conclusion that the fact that some money was owed to the plaintiff at the time of the suit was the controlling factor in the court's decision. Although the trust fund in *Dettenborn* was indeed payable to him at the time of suit, the plaintiff, as here, was also claiming a breach of trust in the method of investing it, a claim which could have been determined by the Probate Court in the pending proceeding. In *Dettenborn* the plaintiff was a creditor, yet the extent of his rights was by no means fixed by that fact alone. The remedies unavailable in the Probate Court which are emphasized by the court in *Dettenborn* are not strictly those available to a creditor as such: "An action by a beneficiary claiming damages from a trustee for his breach of duty in refusing to pay or deliver the trust fund *or in the making of improper investments* is one at law, triable by jury; *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 447 . . . ; but no jury trial is permitted either in the Court of Probate or in the Superior Court upon an appeal from a probate decree involving such issues. *Slattery* v. *Woodin,* 90 Conn. 48, 49 . . . . In the Superior Court the plaintiff might attach the property of the defendant, but no such right is incident to the probate proceedings, and while they are pending a defaulting trustee would have opportunity to rid himself of his attachable property if so disposed." (Emphasis added.) *Dettenborn* v. *Hartford National Bank & Trust Co.,* 121 Conn. 388, 393. Although the court found it efficacious to emphasize the "creditor" status of the beneficiary in *Dettenborn,* this court does not believe

the viability of that decision derives exclusively from the fact that the plaintiff there was entitled to immediate payment of the trust corpus.

One of the tests utilized by the courts to determine whether a second action should be abated is "whether the relief sought in the second action, to which abatement is pleaded, is fully covered by, and obtainable under, the relief asked in the prior action . . . ." 1 C.J.S. 71, Abatement and Revival, § 43. "Thus, in general, when an action is pending in a court of limited jurisdiction, a second action in a higher court with a wider range of remedies will not be abated." 1 Stephenson, Conn. Civ. Proc. § 104 (d), p. 425. That is precisely the situation presented here. Whether or not the plaintiff will ultimately prevail in his requests for relief, he is entitled to bring his action in a forum in which a "wider range" of judicial remedies is available to him.

The plea in abatement is, therefore, overruled.