[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Regional Refuse Disposal District One, commenced this action by writ, summons and complaint against defendant, the Town of Colebrook. The three count complaint seeks relief under General Statutes22a-452, a declaration of rights under the parties' contract, and damages for Colebrook's alleged breach of that contract.
On June 16, 1993, the defendant, Town of Colebrook filed a motion to dismiss the plaintiff's complaint contending that the suit presently before CT Page 8896 this court is barred by the prior pending action doctrine. The plaintiff, on the other hand asserts that this action, the state court action was brought by a different plaintiff in a separate jurisdiction and therefore the prior pending action doctrine is inapplicable.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert the existence of a prior pending action. Conti v. Murphy, 23 Conn. App. 174, 177, 579 A.2d 576
(1-90). Furthermore, the prior pending action doctrine is a rule of justice and equity and is always applicable when two suits are virtually alike and are brought in the same jurisdiction. Beaudoin v. Town Oil Co.,207 Conn. 575, 584,
A.2d (1988). Thus, under the prior pending action doctrine when two separate lawsuits are virtually alike and brought in the same jurisdiction, the second action is amenable to dismissal by the court. Conti v. Murphy, supra, 178. The justification for such dismissal is that a second lawsuit of the same character, between the same parties, to obtain the same end is "oppressive and vexatious." Henry F. Raab Connecticut Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981).
"`The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . .'" (Citations omitted). Id., 113. Moreover, the rule does not apply "when the two actions are for different purposes or ends or involve different issues . . . or where there is not a strict identity of the parties . . . ." Conti, supra, 178-79. (citations omitted).
In addition, the rule is not applicable where two actions, although virtually alike, "are pending in different states or where one action is in a state court and the other in a federal court sitting in the same state." Aldrich, ppa v. Criscoulo, 3 C.S.C.R. 689 (Flanagan, J.) (1988); See also, 1 E. Stephenson, Connecticut Civil Procedure, 104(e) (2d ed. 1982).
In the case at bar, the two suits claimed by Colebrook to be "identical" are pending in different jurisdictions, Colebrook's five-count federal action is pending in the United States District Court for the District of Connecticut (a case in which the District, on April 13, 1993, filed a motion to dismiss for lack of subject matter jurisdiction), whereas the District's action is pending in this court. Although the Federal District Courts and State Superior Courts are vested with concurrent jurisdiction over certain causes of action, these courts are nevertheless courts of separate jurisdictional sovereignties for purposes of the prior pending action doctrine. See 1 Am.Jur.2d, Abatement, Survival and CT Page 8897 Revival, 18, at 58. Accordingly, the pending prior action doctrine does not bar the plaintiff District's state law complaint.
Moreover, the prior pending action doctrine does not serve to bar a second law suit when the two actions are for different purposes or ends, or where there is no strict identity of the parties. See Conti v. Murphy, supra, 178-79; Fishman v. Middlesex Mutual Assurance Co.,4 Conn. App. 339, 347-348, cert. denied, 197 Conn. 806 (1985). Here, the character of the federal and state actions are dissimilar and the goals and objectives of the respective suits are entirely different. In the federal action, Colebrook seeks, inter alia, a declaration of rights and contribution under various sections of CERCLA, 42 U.S.C. § 9601
et seq. — an act for which jurisdiction is exclusively federal. On the other hand, in the state action filed in this court, the District seeks, inter alia, a declaration of rights under the Charter and damages for breach of contract, causes of action created under and governed by Connecticut state law. More importantly, the District is seeking damages for breach of contract, a claim which will go unredressed should the federal action alone proceed to judgment.
Finally, for one action to be pleaded in abatement of another it is essential that there be strict identity of the parties. See 1 Am.Jur.2d, Abatement, Survival and Revival, 20, at 59. In other words, if the plaintiffs in the two actions are different, the former action cannot be pleaded in abatement of the second. Dettenborn v. Hartford National Bank 
Trust Co., 121 Conn. 388, 393-94 (1936). See generally, 1 Am.Jur.2d, Abatement, Survival and Revival, 20 at 59. Here, there is no strict identity of parties. Rather, the parties are transposed; the defendant in the federal action as the plaintiff in the state action, and vice versa. Such transposition of parties serves to bar the application of the prior pending action doctrine.
Accordingly, for the foregoing reasons, the motion to dismiss is denied.
PICKETT, J.