[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 27, 1992 the plaintiff filed a complaint in the U.S. District Court for the District of Connecticut, in Hartford. The federal complaint requests a declaratory judgment vesting title to certain trademark registrations to the plaintiff. The plaintiff's complaint alleges further, false designation of origin, common law trademark infringement and unfair trade practices.
On September 14, 1992, in response to the federal complaint, the defendant filed an answer, special defenses and a seven count counterclaim. The counterclaim requests a declaratory judgment regarding the ownership of a trademark and trademark registration. The defendant alleges further in his counterclaim, trademark infringement, unfair competition, tortious interference with contractual relations, unfair trade practices and breach of contract.
On August 13, 1993 the plaintiff filed a single count complaint in state court for breach of contract for the defendant's failure to pay the balance of his account. On September 22, 1992 the defendant filed a motion to dismiss the plaintiff's state action on the grounds that the action is barred because of prior pending action in the federal court. Pursuant to Practice Book 143 the defendant filed a memorandum of law in support of his motion and a copy of the plaintiff's federal complaint, his answer and seven count counterclaim. The plaintiff filed an objection to the motion to dismiss and an accompanying memorandum in court on CT Page 9736 November 1, 1993.
Practice Book 143 states in relevant part, "If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar file and serve . . . a memorandum of law. . . ." "Prior to the [1978] amendment to the Connecticut Practice Book 143, a party who failed to timely file a memorandum of law in opposition to a motion to dismiss was deemed to have consented to the granting of the motion." (Citation omitted.) Afflerbach v. Furry, 2 Conn. L. Rptr. 762, 763 (November 9, 1990, Hennessey, J.). That portion of 143 was deleted in 1989. Practice Book 143 (1989). With the deletion of the foregoing provision from 143, plaintiff's failure to timely file an opposing memorandum is not fatal. Afflerbach v. Furry, supra. It is within the court's discretion to consider the plaintiff's objection to the motion to dismiss.
The defendant argues in his memorandum of law accompanying his motion that his counterclaim to the plaintiff's complaint in federal court and the plaintiff's state complaint are "virtually identical because they seek relief for harm allegedly suffered as a result of a breach of the distributorship arrangement between them."
The plaintiff argues in his memorandum of law in support of his opposition to the motion to dismiss that the lawsuits are two different and distinct causes of action. The plaintiff argues further that his state claim does not involve the distributorship agreement, but rather an action to collect a debt incurred prior to the dispute regarding the distribution agreement.
A motion to dismiss is the proper device to raise a claim of a prior pending action between the same parties. Halpern v. Board of Education, 196 Conn. 647, 652, n. 4, 495 A.2d 264 (1985). "The prior pending action doctrine applies equally to claims and counterclaims." (Citation omitted.) Conti v. Murphy, 23 Conn. App. 174,178, 579 A.2d 576 (1990). Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction." Gaudio v. Gaudio, 23 Conn. App. 287, 296, 580 A.2d 67 (1990).
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement." Solomon v. Aberman,196 Conn. 359, 493 A.2d 193 (1985). The prior pending action doctrine CT Page 9737 is applied where the two suits are virtually alike and in the same jurisdiction. Halpern v. Board of Education, supra, 652. "`The rule forbidding the second action is not, however, one of unbending rigor, nor universal application, nor a principle of absolute law. . . .'" (Citation omitted.) Beaudoin v. Town Oil, 207 Conn. 575,583, 542 A.2d 1124 (1988). This rule "will not be applied when to do so would be to deprive a creditor of the use in a fair manner of any proper remedy for the collection of his debt." Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388, 393, 185 A. 82
(1936).
"[The court] must examine the pleadings to ascertain whether the actions are `virtually alike.'" Id. "The fact that the damages sought by the plaintiff . . . may overlap [those sought by the defendant] is not dispositive." Soloman v. Aberman, supra, 385. Moreover, the court may consider whether the plaintiff argues that the requested relief in the prior action is inadequate or incomplete. Halpern v. Board of Education, supra, 655.
Additionally, "[t]he pendency of a personal action in a federal court cannot, ordinarily, be pleaded in abatement of such an action in a state court, and vice versa." 1 C.J.S. Abatement and revival, 53. "The rationale behind such rule is that each court derives its authority from a separate and distinct sovereignty." Id. "Under the practice in some jurisdictions, a state court may exercise its discretion so as to preclude an action from proceeding therein where an identical federal action is pending." Id. In Connecticut where an action in federal court cannot give the plaintiff complete enforcement of his rights, the state action should not be dismissed for a prior pending action. Extruded Plastics, Inc. v. Harris, 19 Conn. Sup. 379, 381 (Super.Ct. 1955).
The plaintiff's complaint in federal court alleges various trademark infringements, and unfair trade practices and seeks declaratory relief as to the ownership of a trademark and injunctive relief with regard to the defendant's use of the trademark. The defendant filed a counterclaim seeking similar relief. In count seven of that counterclaim the defendant alleges a breach of contract. It is that count which the defendant argues constitutes a prior pending action.
The defendant alleges in count seven of his federal counterclaim that plaintiff breached their distribution agreement by failing to give reasonable notice as to the cancellation of the agreement. The defendant alleges that the agreement was CT Page 9738 "unilaterally terminated" on or about April 4, 1992. Furthermore, this cancellation resulted in the defendant not being able to supply his customers and thereby, the defendant was damaged by the plaintiff's breach of contract and should be compensated.
The plaintiff alleges in his state complaint that there was a distribution agreement, that he made deliveries to the defendant between December, 1991 and February, 1992, and that defendant made partial payments in July and August, 1992. The plaintiff alleges further that there is a balance due. In his memorandum in opposition to the motion plaintiff argues this balance was incurred prior to the dispute regarding the distribution agreement. Therefore, the defendant is in breach of their contract and the plaintiff is entitled to damages.
The parties in the federal and state action are the same and that the resolution of the breach of contract issue alleged in both the defendant's federal counterclaim and the plaintiff's state complaint involves the same factual inquiry. Resolution of the breach of contract issue in both claims is the same `end or object' of both parties.
Nevertheless, the resolution of the federal counterclaim would not be a complete determination of the plaintiffs' underlying rights. Moreover, while the relief requested by both is monetary the plaintiff seeks payment of a debt while the defendant seeks damages for a breach of contract.
The federal counterclaim will determine the breach of contract issue but may not address the plaintiff's claim of payment owed by the defendant. Further, it is submitted the plaintiff would be deprived "of the use in a fair manner of [a] proper remedy for the collection of his debt" and would not serve justice or equity. Therefore, the plaintiff's state complaint should not be dismissed because the federal claim may not adequately adjudicate the rights of the parties. Furthermore, the prior pending doctrine need not be applied to a state action when there is a federal action pending as the federal and state courts are courts of separate and distinct jurisdiction.
The motion to dismiss is denied.
Howard F. Zoarski, Judge CT Page 9739