[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISMISS
Peter Gillies, Executor of the Estate of Dorothy Gillies (Gillies), brought this action for an order under C.G.S. § 52-410 to have Smith Barney Inc. (S.B.I.) "proceed with arbitration of all those claims subject to the client's [sic] Agreement" and he now moves for such order.
S.B.I. moves to dismiss based on the "prior pending CT Page 1201 action" doctrine which is as follows:
"`"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it be oppressive and vexatious." This is "a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." Halpern v.Board of Education, 196 Conn. 647, 652-53 (1985) (quotingHatch v. Spofford, 22 Conn. 485, 494 (1853), and Dettenbornv. Hartford National-Bank Trust Co., 121 Conn. 388, 392
(1936).
In our action Gillies claims for relief are the reverse of the medal of the S.B.I. claims for relief. Both actions seek a determination as to the eligibility for arbitration of the Gillies claims in the pending arbitration proceeding. In our two actions either the court will permit the arbitration to proceed or it will not. We do not need two actions for that.
The motion to dismiss is granted.
N. O'Neill, J.