[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #160
The plaintiffs, Virginia D'Addario and Lawrence D'Addario, filed an eighteen-count revised complaint against the defendants, Stanley Bergman (Bergman) and William Blagys, on July 23, 1996. The plaintiff alleges that on December 29, 1976, the defendants and Ralph Jupiter, deceased, accepted positions as trustees under various trusts created by F. Francis D'Addario (grantor), the late father of the plaintiffs. Count seven alleges that from 1977 through 1981, Bergman consented to and actively participated in giving trust monies to the grantor which constitutes a breach of fiduciary duties owed to Virginia D'Addario. Count eight alleges that Bergman acted in wilful default of his obligations as trustee for Virginia D'Addario. Count nine alleges that Bergman was grossly negligent in acting as a trustee for Virginia D'Addario. Counts thirteen, fourteen and fifteen re-allege the same causes of action contained in count seven, eight and nine on behalf of Lawrence D'Addario.[1]
On September 16, 1966, Bergman filed a supplemental motion for summary judgment on the grounds that counts one through six of the revised complaint are barred by the statute of limitations found in General Statutes § 52-577, and in the alternative, that summary judgment be entered on all counts against Bergman on the ground that no evidence of damages can be presented and the claims are premature.[2] The plaintiffs have filed an objection to the supplemental motion for summary judgment. Bergman filed a supplemental memorandum of law in support of the supplemental motion for summary judgment on October 24, 1997. The plaintiffs filed a supplemental objection on October 31, 1997. The matter was heard by the court on November 3, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 13996 as a matter of law." Thompson Peck, Inc. v. Division Drywall,Inc., 224 Conn. 370, 374, 696 A.2d 326 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Id.
Bergman argues that the plaintiffs' claims in counts seven, eight, nine thirteen, fourteen and fifteen are subsumed within an ante-mortem claim filed on behalf of the trusts to recover the loaned monies, which the estate has accepted and agreed to pay at the final distribution of the estate of F. Francis D'Addario. Bergman, has acknowledged and is legally bound to satisfy its liability on these claims. Bergman also argues that the antemortem claim remains a viable remedy, and that since there has not yet been a final distribution by the estate, the plaintiffs have not yet sustained a cognizable injury. Because there remains a viable remedy, Bergman argues, the plaintiffs' claims against Bergman are premature, since it is not yet possible to know what, if any, damages the plaintiffs have suffered.
The plaintiffs take issue with the cases Bergman relies upon, arguing that under the present facts, no condition precedent is required to ripen the plaintiffs' rights. The plaintiffs argue that they have averred that damages have been sustained, and seek to be made whole from whatever source or sources might be responsible for their alleged losses. Thus, it is irrelevant that a claim has been filed against the estate as well as against Bergman and the other defendants here.
"A legal malpractice claim is `premature' if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence."Petraglis v. Ervin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317359 (February 9, 1996, Ballen, J). However, here the plaintiffs' action is not one of legal malpractice, but one of a breach of fiduciary duty. The present action seeks damages stemming form allegedly tortious acts committed by Bergman while acting as trustee, independent of any claims the plaintiffs might have directly against the estate. CT Page 13997
"One of the most fundamental duties of the trustee is that he must display throughout the administration of the trust complete loyalty to the interests of the cestui que trust. He must exclude all selfish interest and also all consideration of . . . third person." (Internal quotation marks omitted.) Hall v.Schoenwetter, 239 Conn. 553, 559, 686 A.2d 980 (1996). "A trustee must always be loyal to his trust." Id. The grounds of the present action is that Bergman failed to carry out his duties as trustee, and the plaintiffs have been damaged thereby. This is a legal cause of action, more appropriately raised in the superior court than during probate proceedings. "An action by a beneficiary claiming damages from a trustee for his breach of duty in refusing to pay or deliver the trust fund or in the making of improper investments is one at law, triable by jury. . . . To deny to a beneficiary in such a situation the right to prosecute an action in the ordinary courts because of the pendency of the probate proceedings would be to deprive him of rights and advantages in the enforcement of his claim which the law intends that he should have. . . ." (Citations omitted.)Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388,393-394, 185 A.2d 82 (1936).[3] Of course, the damages recovered by the plaintiffs in the present action will be limited to what, if any tortious conduct the plaintiffs are able to prove was committed by Bergman.[4] "The fact that the damages sought by the [plaintiffs] in these two cases may overlap is not dispositive. It is axiomatic that damages recoverable in tort must be proximately caused by a defendant's tortious conduct."Solomon v. Aberman, 196 Conn. 359, 385, 493 A.2d 193 (1985). The court finds that the present action brought by the plaintiffs against Bergman as trustee for breach of fiduciary duties is separate and distinct from the ante-mortem claims filed against the estate on behalf of the plaintiffs by Bergman in 1986. In essence, the plaintiffs may have separate damages against Bergman based on proof of breach of fiduciary duties during 1977 through 1981 from those damages related to a lack of trust res as of 1986.[5] Accordingly, the defendant Stanley Bergman's motion for summary judgment is denied.
Skolnick, Judge